## Commonwealth v. Kocher.

*Criminal law—Assault and battery—Aggravated assault and battery— Charge of court—New trial.*

On the trial of an indictment in two counts upon charges of assault and battery and aggravated assault and battery, it is error warranting the granting of a new trial for the trial judge to fail to explain to the jury the nature and character of the crime of aggravated assault and battery.

Indictment and conviction for assault and battery and aggravated assault and battery. Rule for new trial. Q. S. Berks Co., Dec. Sess., 1922, No. 176.

*Lee Friday* and *Joseph R. Dickinson*, for defendant and rule.

*Wilson S. Rothermel* and *H. Robert Mays*, District Attorney, for Commonwealth.

ENDLICH, P J.. June 11, 1923.—The defendant in this case was indicted to No. 176, December Sessions, 1922, in two counts, upon charges of assault and battery and aggravated assault and battery. The case was tried at the same sessions and resulted in a verdict of guilty. Thereupon the defendant obtained this rule for a new trial, the grounds assigned therefor being that the verdict was contrary to law and contrary to the evidence, and that the charge ought to have explained to the jury the nature and character of the crime of aggravated assault and battery. See Com. v. Graff, 33 Pa. C. C. Reps. 49.

A careful review of the record of the trial does not convince us that the verdict was contrary to law or contrary to the evidence. But it might, perhaps, so far as these two objections are concerned, have been a verdict more favorable to the defendant, on the ground that the latter was the party threatened. To this consideration, it is proper to add that the charge to the jury was brief and general in its terms, and may for that reason have failed to carry to the jury such instructions as it would have been proper to give in detail, and the effect of such instructions might conceivably have been to reduce the verdict of guilty so as to convict the defendant of simple assault

4 D. & C.

and battery. If so, the question being for the jury and not for the court, there was error in the charge; and as it cannot be declared with certainty that that error was harmless, there is no choice left but to set the verdict aside and order a retrial: Railroad Co. v. Bock, 93 Pa. 427, 434. If it be objected that the defendant could have obtained more specific instructions to the jury by asking for them, and that this was not done, it must be remembered that, after all, the purpose of every judicial trial is to elicit the truth and to administer justice: Railroad Co. v. Berry, 68 Pa. 272, 279; Lingenfelter v. C. & I. Co., 84 Pa. 328, 332; Henry v. Huff, 143 Pa. 548, 563; Waln v. Beaver, 161 Pa. 605, 610; Husvar v. Railroad Co., 232 Pa. 278, 281, and that it has been the long and uniform practice of this court to be more liberal in granting new trials where the applicant's rights are not protected than where they are, and where the pressure of business suggests an excuse for omitting to do what is usual and proper for the purposes of such protection. We are of the opinion that a new trial ought not to be refused in this case, and since it must be had, it would not be advisable at this time to discuss the details of the evidence appearing in the record. See McKnight v. Bell, 135 Pa. 358, 373.

The rule to show cause is made absolute.

From Wellington M. Bertolet, Reading, Pa.