## Commonwealth *v.* Franklin, Appellant.

Argued March 10, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Alfred I. Ginsburg,* with him *A. Archer Cross, Bernard L. Lemisch, William D. Moore* and *Henry Weiss,* for appellant.

*John F. Kane,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

OPINION BY DITHRICH, J., April 16, 1947:

Defendant was tried and convicted on an indictment containing two counts. The first count charged assault and battery and the second aggravated assault and battery. The jury returned a general verdict of guilty. On this appeal, complaint is made of fundamental error in the charge of the court.

An examination of the record discloses that the learned trial judge not only failed to instruct the jury as to the distinction between assault and battery and aggravated assault and battery, but nowhere in the charge was any mention made of the offenses for which the defendant had been indicted and for which he was being tried.

In that connection, all the court said was: "This boy said he was struck with a wrench. If you think it was necessary to strike him with a wrench and that he was struck with a wrench, you would have to say this man wasn't guilty. But you have to go pretty far to justify him being struck with a wrench. Yet it is for you to say. I will leave the matter with you." What actually happened was that the prosecuting witness, James Lawless, referred to by the court in its charge as "this boy," went to a used car lot operated by the defendant at Broad and Butler Streets, Philadelphia, to

complain of the unfair treatment he allegedly had received in a used car transaction with the defendant. After a heated argument, the defendant ordered Lawless off the lot and as testified by Lawless: "I still didn't make any attempt to move. I wanted to try to talk to him. He got out of his car and went to his toolshed right alongside of his office and brought out a wheel wrench. . . . He poked me in the side with it. When he did that I went to turn around to get out of there, and I did trip some place and I went down."

This would be sufficient evidence to sustain a conviction of assault and battery, but certainly not of aggravated assault and battery. Aggravated assault and battery is defined in the Penal Code of 1939, June 24, P. L. 872 §709, 18 P.S. 4709, as follows: "Whoever unlawfully and maliciously inflicts upon another person, either with or without weapon or instrument, any grievous bodily harm, or unlawfully cuts, stabs or wounds any other person, is guilty of a misdemeanor. . . ." The essential ingredients of grievous bodily harm or unlawful cutting or wounding are entirely lacking in the instant case.

On charges of minor misdemeanors, explicit instructions as to the nature of the offenses are not always essential; *Com v. McDermott,* 152 Pa. Superior Ct. 208, 31 A. 2d 601. But aggravated assault and battery, while classified as a misdemeanor in the Penal Code, can hardly be said to be a minor misdemeanor. It is a serious offense and a conviction thereof should not be allowed to stand unless the evidence clearly warrants it.

In *Com. v. Kocher,* 15 Berks 278, 4 D. & C. 678, in a well considered opinion by ENDLICH, P. J., a new trial was granted where, in the trial on an indictment in two counts upon charges of assault and battery and aggravated assault and battery, the trial judge failed to explain to the jury the nature and character of the crime of aggravated assault and battery. The court said: ". . . the charge to the jury was brief and general in its terms and may for that reason have failed to carry

to the jury such instructions as it would have been proper to give in detail, and the effect of such instruction might conceivably have been to reduce the verdict of guilty so as to convict the defendant of simple assault and battery. If so, the question being for the jury and not for the court, there was error in the charge; and, as it cannot be declared with certainty that that error was harmless, there is no choice left but to set the verdict aside and order a retrial: R. R. Co. v. Bock, 93 Pa. 427, 434."

In *Com. v. Gold,* 123 Pa. Superior Ct. 128, 130, 131, 186 A. 208, this court speaking through PARKER, J., said: "The indictment and evidence in support thereof were submitted to the jury without any instructions from the court or any advice as to the nature of the offenses charged. In fact no instructions were requested by the defendant who was represented by counsel. . . . While as a general rule a judgment will not be reversed on account of the failure of a trial judge to instruct as to particular points where a request has not been made for such instruction, there still remain certain fundamental duties which the trial court, even in the exercise of the broad discretion given it, may not omit: Com. v. Stein, 305 Pa. 567, 571, 158 A. 563. One of the primary requisites in doing substantial justice to all parties concerned is that the jury shall clearly appreciate the exact issues involved. Consequently when the issue is not clear it becomes the duty of the court even though not requested so to do, to give sufficient instruction to the jury that they may know precisely what propositions are submitted for their consideration so that they may render a just verdict."

And in *Com. v. Tracey,* 137 Pa. Superior Ct. 221, 8 A. 2d 622, where the defendant in three separate indictments was charged with robbery and other related offenses and in a fourth indictment with aggravated assault and battery, the jury convicted defendant of all the crimes charged. In reversing each of the judg-

ments and awarding new trials, this court said (p. 227):
"The jury convicted defendant of all the crimes charged.
They are serious offenses and all are not self-defining.
The failure to give proper instructions descriptive of
their nature is fundamental error, and it is unimportant
that counsel made no request for additional instructions
supplying the deficiency."

The second and third assignments of error are sustained. The judgment is reversed and a new trial
awarded.