Commonwealth ex rel. Berry, Appellant, *v.* Ashe, Warden.

172

Argued April 13, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Edward A. Heights,* for appellant.

No appearance was made nor brief submitted for appellee.

PER CURIAM, July 20, 1950:

The Court of Common Pleas of Allegheny County dismissed relator's petition for writ of habeas corpus and refused the writ. Relator has appealed.

The court below decided the matter on relator's petition, the answers thereto, and the original records. See *Com. v. Curry,* 285 Pa. 289, 298, 299, 132 A. 370.

The petition merely avers that the relator was not at any time represented by counsel, and that he did not waive the right to counsel, citing and relying upon *Com. ex rel. Schultz v. Smith,* 139 Pa. Superior Ct. 357, 11 A. 2d 656. The petition contains no other factual averments.

Relator and one Delbert L. Quick were arrested on December 20, 1943, and charged with commission of

larceny of a motor vehicle and burglary on October 31, 1943. After preliminary hearing they were held for court. Each signed a written confession. To the bills of indictment (No. 12, January Sessions, 1944, larceny, and No. 13, January Sessions, 1944, burglary) both defendants, on December 22, 1943, signed pleas of guilty and waived the presentation of indictments to a grand jury of Clinton County. See Act of April 15, 1907, P. L. 62, as amended by the Act of June 15, 1939, P. L. 400, 19 PS §241. Prior to the imposition of sentence in the Court of Oyer and Terminer of Clinton County, Judge HIPPLE, President Judge of the Courts of Clinton County, interrogated relator and the other defendant as follows:

"Q. Do you wish to have counsel to represent you? A. No. . . . Q. You made these confessions of your own free will? A. Yes sir. Q. And you understand that you entered a Plea of Guilty to this serious charge of burglary—what it means? A. Yes sir. Q. Was there any pressure brought to bear upon you, or any promises made to you when you signed the Pleas? A. No."

Relator was sentenced on bill No. 13 to a term of not less than seven and one-half years nor more than fifteen years in the Western State Penitentiary, and on bill No. 12 to a term of not less than one year nor more than two years in the Western State Penitentiary, the latter sentence to run consecutively to the sentence imposed on bill No. 13.

Absence of counsel is not necessarily a denial of due process, and, as said in *Com. ex rel. Townsend v. Burke,* 361 Pa. 35, 39, 63 A. 2d 77, 78: ". . . the provision in our State Constitution, according defendants the right to be heard by counsel, does not require court assignment of counsel to defendants in non-capital cases who are without counsel." The Due Process Clause of the Fourteenth Amendment does not prohibit a state from ac-

cepting a plea of guilty in a non-capital case from an uncounseled defendant. *Com. ex rel. Geisel v. Ashe,* 165 Pa. Superior Ct. 41, 44, 68 A. 2d 360. Our decision in *Com. ex rel. Schultz v. Smith,* supra, 139 Pa. Superior Ct. 357, 11 A. 2d 656, upon which relator relies, has been overruled in effect by *Com. ex rel. McGlinn v. Smith,* 344 Pa. 41, 24 A. 2d 1, and *Com. ex rel. Shaw v. Smith,* 147 Pa. Superior Ct. 423, 24 A. 2d 724. Moreover, the *Schultz* case has no application to a case where the accused pleads guilty before trial. *Com. ex rel. Curtis v. Ashe,* 139 Pa. Superior Ct. 417, 12 A. 2d 500.

Relator was not deprived of any constitutional right, and he suffered no prejudice by the absence of counsel. Cf. *Com. ex rel. Hovis v. Ashe,* 165 Pa. Superior Ct. 30, 67 A. 2d 770. The trial court afforded him an opportunity to have counsel appointed, which offer relator expressly declined. See *Com. ex rel. Hovis v. Ashe,* 364 Pa. 81, 82, 70 A. 2d 630. The record clearly discloses that relator understandingly pleaded guilty to the respective bills of indictment.

This relator previously presented a petition for writ of habeas corpus to the Supreme Court of Pennsylvania, No. 1404, Miscellaneous Docket, Western District. On October 13, 1945, the Supreme Court granted a rule to show cause why a writ of habeas corpus should not issue. Answers were filed, and on November 7, 1945, the rule was discharged and the petition dismissed. Relator's application to the Supreme Court of the United States for writ of certiorari was refused on March 25, 1946. The petition raised the same question as the present proceeding. See *Com. ex rel. Orlando v. Smith,* 346 Pa. 42, 30 A. 2d 534.

Relator's petition presented to the court below was properly dismissed, and there is no merit in the appeal to this Court.

The order of the court below is affirmed.