## Commonwealth ex rel. Cavallucci v Burke, Warden

*Richardson Dilworth*, district attorney and *Edward M. Nichols, Jr.*, assistant district attorney, for Commonwealth.

*Herman I. Pollock* and *Edmund E. De Paul*, for relator.

MILNER, J., May 27, 1952.—This is an amended petition for a writ of habeas corpus. Relator was convicted and sentenced in May 1933, on bills of indictment nos. 220, 221, 222 and 223, charging adultery, rape, attempted rape, assault and battery with intent to ravish, aggravated assault and battery, and assault and battery upon the person of Anna May Weisman, a minor child under the age of 16 years. The above acts of relator were alleged to have been committed on four separate occasions. Relator was sentenced to 7½ to 15 years each in the Eastern State Penitentiary on bills nos. 220 and 221, and to 5 to 10 years each in the Eastern State Penitentiary on bills nos. 222 and 223. Each sentence was to commence running at the expiration of the sentence preceding it. Subsequently, the sentence on bill no. 222 was reduced to two and a half to five years in the Eastern State Penitentiary by the Superior Court. See Commonwealth ex rel. Cavalucci v. Smith, Warden, 154 Pa. Superior Ct. 613 (1944).

Relator in his amended petition alleges principally that the trial judge in his charge to the jury *failed to define the crimes charged* in the bills of indictment. We agree that the trial judge committed error in failing adequately to define the crimes. That this was *fundamental error* there can be no doubt. See Commonwealth v. Weatherwax et al., 166 Pa. Superior Ct. 586 (1950); Commonwealth v. Franklin, 160 Pa. Superior Ct. 484 (1947); Commonwealth v. Tracey, 137 Pa. Superior Ct. 221 (1939); Commonwealth v.

Gold, 123 Pa. Superior Ct. 128 (1936); Commonwealth v. Kocher, 4 D. & C. 678, 15 Berks 278 (opinion by Judge Endlich). But, the question for our consideration is whether such error justifies or requires the extraordinary remedy of habeas corpus.

The rule is settled that a *writ of habeas corpus is not intended to be a substitute for a writ of error on appeal* and is not available as a method of reviewing the record for those legal errors in a trial which could have been corrected in the due course of criminal procedure: Commonwealth ex rel. Marelia v. Burke, Warden, 366 Pa. 124, 126 (1950); Commonwealth ex rel. Townsend v. Burke, Warden, 361 Pa. 35, 41 1949); Commonwealth et rel. Sullivan v. Ashe, Warden, 325 Pa. 305, 310 (1937); affd. on certiorari, 302 U. S. 51; Commonwealth ex rel. Smith v. Ashe, Warden, et al, 364 Pa. 93 (1950); Commonwealth ex rel. Spencer v. Ashe, Warden, 364 Pa. 442 (1950); Commonwealth ex rel. Milewski v. Ashe, Warden, 362 Pa. 48 (1949); Commonwealth ex rel. McGlinn v. Smith, Warden, 344 Pa. 41 (1942); Commonwealth ex rel. Penland v. Ashe, Warden, 341 Pa. 337 (1941); that such writ does not lie for the mere questioning of alleged errors during, or prior to, the trial: Commonwealth ex rel. Townsend v. Burke, Warden, supra; Commonwealth v. Curry, 285 Pa. 289, 292 (1926); Commonwealth ex rel. Greevy v. Reifsteck, 271 Pa. 441 (1921).

The writ of habeas corpus is available as a remedy for setting aside wrongful or unlawful sentences under some circumstances, as, for example, where the sentencing court lacked jurisdiction or by serious fundamental error offending against the requirements of due process coincidentally lost jurisdiction; see cases cited supra, especially Commonwealth ex rel. Townsend v. Burke, Warden, and see Halderman's Petition,

276 Pa. 1, 2 (1923); Commonwealth ex rel. Schultz v. Smith, Warden, 139 Pa. Superior Ct. 357 (1939). The loss of jurisdiction in a matter as a result of trial error can only result where the error is so fundamental in nature that it rises to the stature of constitutional error; where the trial itelf must be deemed defective because of the lack of some element essential to procedural or substantive due process of law. Error which may be characterized as *fundamental error* for the purpose of considering the propriety of the grant of a new trial or the reversal of a conviction is not necessarily the same type of fundamental error which is the subject of relief by the writ of habeas corpus. To justify the issuance of a writ there must appear error which is sufficiently grave as to impel an abiding conviction that the trial was not fair; that the very jurisdiction of the court in the premises must be regarded as ousted.

The cases above which refer to failure to define the crime as fundamental error, upon careful examination, only establish the proposition that such error is fundamental insofar as it necessitates the grant of a new trial without regard to whether any exception was taken to such failure in definition or whether such definition was requested on behalf of defendant. In all of those cases the matter was before the appellate courts on appeal; none of them indicate that a relator can take advantage of such error in a habeas corpus proceeding. As we have heretofore indicated, fundamental error justifying and requiring reversal of a conviction and the grant of a new trial is not necessarily constitutional error. The errors committed by the trial judge in the instant case were such as could properly have been taken advantage of by appeal. They were not, however, such errors as deprived relator of any of his constitutional rights.

We have carefully considered the recent case of Commonwealth ex rel. Allen v. Baldi, C. P. No. 7, September term, 1951, no. 2971, The Legal Intelligencer, January 25, 1952, and are of the firm conviction that that opinion is in error insofar as it drew no distinction between fundamental error vitiating the fairness of the trial itself and fundamental error requiring the grant of a new trial regardless of exceptions of record or request for instructions to the jury. Whether the error in the Allen case coupled with other factors justified the grant of the writ in that case is not a matter for our consideration.

In arriving at the conclusion that relator has shown no right to relief by a writ of habeas corpus, we are not unmindful of the apparently uncalled for severity of the cumulative sentences imposed by the trial judge. Relator has served approximately 19 years in the Eastern State Penitentiary for his crimes, which involved at most having sexual intercourse on a number of occasions with the same willing, physically mature 15-year-old girl. We feel that relator has more than paid his debt to society in full. However, it is not within our province nor within our power to act as a Pardon Board. The death of the late President Judge Harry S. McDevitt, the trial judge in this case, deprives the Pardon Board of the benefit of his comments on any petition for leniency, but we are loathe to believe that he would oppose such a petition at this time. Were we asked to do so, we would strongly recommend, upon the consideration of the record in this case, that the Board of Pardons give most sympathetic attention to any plea relator might make for commutation of his sentence.

### Order

And now, May 27, 1952, relator's petition for a writ of habeas corpus is dismissed.