## Commonwealth ex rel. McGlinn v. Tees

*V. Wright*, for Commonwealth.

*Charles McGlinn*, petitioner, p.p.

HAGAN, J., July 6, 1955.—This matter is before the court on a petition for a writ of habeas corpus filed by petitioner, who is under commitment in the Eastern State Penitentiary.

On November 20, 1931, petitioner was found guilty of armed robbery by a jury and was sentenced by the late Judge McDevitt for a term of not less than 10 nor more than 20 years in the Eastern State Penitentiary, under Bill of indictment no. 1035 of November sessions, 1931, in the Courts of Oyer and Terminer and Quarter Sessions of the Peace in and for the County of Philadelphia. Petitioner did not begin to serve this sentence until November 20, 1936, because of the circumstance that he was first required by law to serve five years of the unexpired period of a maximum sentence which had been previously imposed upon him on bills of indictment nos. 238 and 239 of December sessions, 1924, in the aforesaid Courts of Oyer and Terminer and Quarter Sessions of the Peace in and for the County of Philadelphia, under which sentence he had been committed to the Eastern State Peniten-

tiary for a term of not less than five nor more than 10 years. After having served approximately 10 years at the Eastern State Penitentiary on the foregoing bills of indictment, petitioner, on January 14, 1947, was released from that institution on parole on bill no. 1035 of November sessions, 1931.

On February 18, 1953, while petitioner was still subject to parole on bill no. 1035, November sessions, 1931, he was arrested; and on April 2, 1953, he was convicted in the aforesaid Courts of Oyer and Terminer and Quarter Sessions of the Peace in and for the County of Philadelphia of the crime of robbery under bills nos. 1067 and 1069, February sessions, 1953; petitioner was sentenced on each bill to the Eastern State Penitentiary for a term of not less than one nor more than two years (or a total sentence of not less than two nor more than four years), to be computed from February 18, 1953, the date petitioner was arrested and incarcerated. Under the law the conviction of petitioner on April 2, 1953, operated as a violation of his parole under the sentence imposed upon him on November 20, 1931; and, therefore, on his commitment to the Eastern State Penitentiary on April 2, 1953, he was first required to serve the unexpired period of the maximum sentence imposed upon him on November 20, 1931, before commencement of the sentence imposed upon him on April 2, 1953. Since petitioner's commitment to the Eastern State Penitentiary on April 2, 1953, he has served an additional two years and several months on the balance of the maximum sentence imposed upon him on November 20, 1931, so that he is still required to serve approximately eight additional years in the penitentiary.

Petitioner does not question the validity of the sentences imposed upon him on April 2, 1953. His petition is directed to the sentence imposed upon him on November 20, 1931, by the late Judge McDevitt under

bill no. 1035, November sessions, 1931. Although many reasons are set forth by petitioner in support of his petition, only one requires consideration, in view of the ultimate disposition of the matter by the court.

Petitioner alleges that when he was tried before a jury on November 20, 1931, in which proceeding he was not represented by counsel, the trial judge failed to charge and instruct the jury.

Petitioner has heretofore, by writ of habeas corpus, questioned the validity of the above sentence on the ground that the trial court failed to provide counsel for him at the trial; and that question was decided adversely to him in a proceeding which culminated in the Supreme Court of this State. See Commonwealth ex rel. McGlinn v. Smith, 344 Pa. 41. However, in that proceeding, petitioner did not raise the question which he is now presenting, to wit, that he was convicted by a jury in a trial in which the presiding judge did not instruct the jury.

The petition now before the court was presented by petitioner in propria persona. Prior to a hearing on the petition the court appointed John Rogers Carroll, a member of the Philadelphia bar, for the purpose of representing the interests of petitioner.

A hearing was held on the petition on June 2, 1955. Counsel for petitioner produced the original record of the trial of defendant on November 20, 1931. This record consisted of the transcribed notes of testimony, and no charge or instructions to the jury appeared in the transcript, from which petitioner's counsel argues that a strong inference can be drawn that the trial judge failed to instruct the jury. The trial judge, the assistant district attorney who represented the Commonwealth, and the stenographer who took the notes of testimony at the trial are deceased. Under these circumstances, petitioner produced the following evidence:

Petitioner testified that the trial judge did not instruct the jury on November 20, 1931, and petitioner was corroborated as to this by James McMonegal, who had been indicted as a codefendant with petitioner and who was present at the trial of petitioner. Counsel for petitioner also produced three members of the Philadelphia bar, James F. Masterson, Lemuel B. Schofield, and Samuel A. Levin, Esq., who testified that during the year petitioner was tried they were active practitioners in the criminal courts of Philadelphia; that it was the habit and custom of the late Judge McDevitt to instruct the panel of jurors at the opening of the term of court and that, for the most part, he did not thereafter charge the specific juries which were impaneled and served in subsequent cases which were tried during the term.

The absence from the record of instructions to the jury by the trial judge in itself is strong evidence that no charge was delivered. When to this is added the testimony of petitioner and his codefendant that no charge was delivered, together with the testimony of three active practitioners in the criminal courts of Philadelphia County that it was the practice of this particular trial judge, in most instances, to dispense with charges to the jury except in unusual cases, the conclusion seems inescapable that in the trial in which this defendant was convicted the presiding judge did not instruct or charge the jury, and the court so finds.

Two questions remain for determination, to wit: (1) Did the failure of the trial judge to instruct the jury constitute such fundamental error as to vitiate the trial and render the sentence invalid?, and (2) if this question is decided in the affirmative, is the matter properly before the court for disposition on a writ of habeas corpus?

As to the first question, whether the failure of the trial judge to instruct the jury was such fundamental

error as to constitute want of due process in the trial of petitioner, our research discloses that this precise question has never been decided in Pennsylvania, and we assume that the reason therefor is that no one has had the temerity to raise the question. In the absence of authority, let us reason by analogy. In this Commonwealth it has been consistently held that the failure of the trial judge in a criminal proceeding to define a serious crime to the jury is fundamental and reversible error: Commonwealth v. Gold, 123 Pa. Superior Ct. 128; Commonwealth v. Tracey, 137 Pa. Superior Ct. 221; Commonwealth v. Franklin, 160 Pa. Superior Ct. 484; Commonwealth v. Weatherwax et al., 166 Pa. Superior Ct. 586. If the failure of the trial judge to define a serious crime constitutes fundamental error, then, a fortiori, the complete failure on the part of the trial judge to instruct the jury must of necessity constitute fundamental and reversible error and a violation of defendant's right of due process. Thus, in the absence of a charge by the trial judge, the jury had no instructions as to the legal characteristics of the crime, and it was left without guidance as to the constitutional safeguards with which petitioner was clothed, such as the presumption of his innocence, the burden resting upon the Commonwealth to prove his guilt beyond a reasonable doubt, and the meaning of reasonable doubt.

We, therefore, hold that the failure of the trial judge to instruct the jury constituted error of such a fundamental and harmful nature as to stigmatize the trial as lacking constitutional due process, and it therefore follows that the sentence subsequently imposed was void.

The second question for determination is whether the matter is properly before this court on writ of habeas corpus. The time for appeal has, of course, long since expired, and it has been uniformly held in this

Commonwealth that a writ of habeas corpus cannot be used as a substitute for an appeal: Commonwealth ex rel. Sullivan v. Ashe, 325 Pa. 305; Commonwealth ex rel. Matthews v. Day, 381 Pa. 617. It is also settled law in this Commonwealth that a writ of habeas corpus does not lie for the mere questioning of alleged trial errors which are not basic or fundamental: Commonwealth v. Curry, 285 Pa. 289; Commonwealth ex rel. Garrison v. Burke, 378 Pa. 344, and Commonwealth ex rel. Matthews v. Day, supra. However, it is equally well settled that a writ of habeas corpus can be employed for the purpose of vacating a sentence imposed as a result of a trial which is lacking in constitutional due process. The reasoning in support of this proposition is that, where a defendant has been convicted as the result of a trial in which he has been denied due process, a judgment of sentence thereafter imposed can be collaterally attacked and set aside upon habeas corpus: Commonwealth ex rel. Garrison v. Burke, supra; Commonwealth ex rel. Madden v. Ashe, 162 Pa. Superior Ct. 39; Commonwealth ex rel. Townsend v. Burke, 361 Pa. 35; Johnson v. Zerbst, 304 U. S. 458.

At the conclusion of the hearing on this petition, the court set aside the conviction of petitioner on bill no. 1035 and the sentence imposed thereon, for the reasons hereinbefore set forth. The court thereupon awarded a new trial to petitioner, and he was remanded to the Eastern State Penitentiary to await trial.

Subsequent to the issuance of the foregoing orders by the court, counsel for petitioner urged upon the court that, in view of the circumstance that petitioner has already served more than 12 years under an illegal sentence of not less than 10 nor more than 20 years in the penitentiary, it would be unfair to subject him to another trial after a lapse of almost 24 years after the illegal sentence has been imposed upon him. Under these circumstances, petitioner's counsel argued that

justice would be served by the discharge of petitioner. In support of his argument, petitioner's counsel cites the case of Commonwealth ex rel. Schultz v. Smith, 139 Pa. Superior Ct. 357, where the Superior Court ordered the discharge of a defendant who had served a substantial part of a sentence which the court held had been illegally imposed upon him, in that he had not been represented at the trial by counsel and the trial judge had failed to inform him of his right to secure counsel. The cited case was subsequently overruled, insofar as it decided that a court is always required to assign counsel to a defendant in a non-capital case: Commonwealth ex rel. McGlinn v. Smith, supra; Commonwealth ex rel. Berry v. Ashe, 167 Pa. Superior Ct. 171. However, the supplemental action of the Superior Court in discharging a relator in habeas corpus proceedings who had served a substantial part of an illegal sentence seems not to have been reversed or criticized in subsequent cases. Such action appeals to our sense of justice. Therefore, the prior orders of this court, insofar as they awarded a new trial to petitioner, are revoked and defendant is now discharged from further imprisonment in the Eastern State Penitentiary as a result of the illegal sentence imposed upon him on November 20, 1931, under bill of indictment no. 1035, November sessions, 1931.

However, petitioner must be remanded to the Eastern State Penitentiary for the purpose of serving the sentences imposed upon him by the writer of this opinion on April 2, 1953, under bills of indictment nos. 1067 and 1069, February sessions, 1953. These sentences have not been attacked or questioned by petitioner in the petition now before the court, and although we would be disposed to commute these sentences, because of the circumstances heretofore reviewed, we are without such power, in view of the fact that the court's jurisdiction over the sentence of peti-

tioner ceased at the expiration of the term of court at which they were imposed. However, it is within the power of this court to direct that the period of time which petitioner has thus far served in respect to the aforesaid illegal sentence since February 18, 1953, shall be applied to the sentences imposed upon him by this court on April 2, 1953, under bills 1067 and 1069, February sessions, 1953, and it is so ordered. As a result of this order, petitioner has now served four months more than the minimum sentences imposed upon him under the last mentioned bills, and we rather assume that a petition addressed to the State Board of Parole by petitioner, requesting that he be released on parole in respect to the balance of his maximum sentences, will receive favorable consideration.