Commonwealth *v.* Rose, Appellant.

Argued October 7, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*S. Thomas Bulfamonte,* for appellant.

*H. Lyle Houpt,* Assistant District Attorney, with him *Nicholas H. Larzelere, II,* Assistant District Attorney, for appellee.

OPINION BY WRIGHT, J., November 16, 1955:

John Rose was brought to trial in Montgomery County on a bill of indictment charging the operation of a motor vehicle while under the influence of intoxi-

cating liquor. The jury returned a verdict of guilty. A motion for a new trial was overruled, and sentence was imposed. This appeal followed. As stated by appellant's counsel, "the sole question raised and argued in this case is whether or not there is sufficient evidence in this record to sustain the verdict".

The record discloses that, about six o'clock p.m. on November 11, 1954, appellant was operating a Chevrolet convertible north on Route 202. In the process of making a left hand turn into the driveway of the Washington Square Hotel, where he resided, appellant came into collision with a tractor-trailer which was proceeding south. Louis F. Robbins, the operator of the tractor-trailer, promptly ran to the car and found appellant "laying under the wheel". Robbins inquired, "Are you all right, Buddy", to which appellant mumbled an unintelligible reply. Robbins then "got him out" of the car, whereupon appellant staggered and fell. Mrs. Caroline Currens testified that appellant "took a couple of steps and staggered and finally fell backward", further that "someone said something about his going into the hotel, and he protested, and said he was not going in, they kind of picked him up bodily and walked him in". Edward Kline testified that appellant was unsteady on his feet, that he (Kline) "partially held him up for awhile and then he slipped away from me and fell", and that he detected on appellant's breath an odor which he thought was beer. Francis Smith, the hotel bartender, testified that "they walked him down to the far end of the bar and stood him there", and that appellant then drank an ounce of whiskey. James Oliver, Chief of Police of East Norriton Township, testified that he first saw appellant in his hotel room a few minutes after the collision "and the place smelled like a brewery"; that there was a strong odor of alcohol on ap-

pellant's breath; that appellant fumbled with the phone directory, then staggered over to the phone and "attempted to dial a number and he missed it or something, and he hung up and he attempted to dial it again, and he got the wrong number"; that he (Oliver) took appellant to the hospital, that appellant staggered from the car to the hospital door; that the resident physician "walked over to make a preliminary examination and he turned to me and he said, 'The man's plastered' "; that appellant was then given a thorough examination by Dr. Harry J. Crits, who inquired if he (appellant) had had anything to drink; that appellant replied, "Yes, I had five beers". The officer stated that in his opinion appellant was definitely under the influence of intoxicating liquor. Dr. Crits testified in detail as to his examination of appellant and stated without "doubt or reservation" that he (appellant) was under the influence of intoxicating liquor, and that his condition was not due to any injury.

Appellant testified at the trial that his condition immediately after the collision was the result of a head injury which he had sustained. He stated that he drank "three or four" glasses of beer between nine and ten o'clock a.m., but that he "had nothing to drink either beer or whiskey between that time and the time of the accident"; that he had two drinks of whiskey in the bar after the collision, and another drink in his room before the officer arrived, which may have affected his subsequent condition, but that he was not under the influence of liquor at the time of the collision. Appellant called three witnesses to corroborate various portions of his story.

It is here argued (a) that the Commonwealth did not present testimony that appellant "had indulged in intoxicating liquors previous to the occurrence of the collision"; and (b) that, if appellant did so indulge,

"that he indulged to the degree and extent that it would tend to deprive him of his clearness of intellect, which makes for a lack of mental and physical coordination". Counsel for appellant stresses the fact that appellant was injured in the collision. He points out that Robbins, Mrs. Currens, and Smith did not testify as to any odor of alcohol. He apparently complains that the resident physician was not called as a witness. He cites various alleged inconsistencies and contradictions in the testimony. He contends finally "that the Commonwealth has not met the measure of proof required whereby a jury could pass upon facts produced and not conjecture".

We have burdened this opinion with a somewhat detailed recital of the testimony because it so obviously confutes appellant's contentions. The credibility of the witnesses and the facts to be found from the testimony were for the jurors: *Commonwealth v. Ransom*, 169 Pa. Superior Ct. 306, 82 A. 2d 547. The controlling issues were submitted to them in a comprehensive and impartial charge concerning which no complaint is made. The evidence must now be considered in the light most favorable to the Commonwealth: *Commonwealth v. Ricci*, 177 Pa. Superior Ct. 556, 112 A. 2d 656. We all agree with President Judge KNIGHT of the court below that the verdict was fully warranted by the evidence and should not be disturbed.

The judgment is affirmed, and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.