## Commonwealth *v.* Lees, Appellant.

Argued September 11, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*William J. Moran,* with him *Hillegass & Moran,* for appellant.

*Burton Satzberg,* Assistant District Attorney, with him *Frank E. Gilbert* and *Arlen Specter,* Assistant Dis-

trict Attorneys, *F. Emmett Fitzpatrick,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY WRIGHT, J., November 15, 1962:

Robert Lees was indicted in the Court of Quarter Sessions of Philadelphia County on charges of assault and battery, aggravated assault and battery, and assault and battery with intent to kill. He entered a plea of not guilty, and waived jury trial. After hearing the testimony, Judge REIMEL found him guilty of assault and battery and aggravated assault and battery, but not guilty of assault with intent to kill. Motions were filed in arrest of judgment and for a new trial. The latter motion was subsequently withdrawn. The court below dismissed the motion in arrest of judgment, and imposed sentence. This appeal followed. The sole question raised is the sufficiency of the evidence.

The record discloses that, on September 4, 1961, police officers were called to appellant's apartment at 3149 Kensington Avenue in the City of Philadelphia. Upon their arrival they found appellant's wife, Janet Lees, lying in bed, unconscious, with a bullet wound in her left temple. On a desk in the hallway was appellant's automatic pistol, which he identified as the gun used in the shooting. His explanation to the officers was that he had been visiting a nearby taproom, that he returned to the apartment carrying several bottles of beer, that an unknown man pushed him down the stairway, that he went back up the steps to look for this man, that the man was in the apartment, standing in the doorway of the bedroom, that he seized the loaded pistol and fired a shot in the man's direction, that the man ran past him and escaped down the steps, that he then heard his wife screaming and saw her "lying there bleeding". In a written statement executed the next day, appellant admitted that "my wife was shot

by a gun that I fired". He repeated his story about the unknown intruder. Asked to explain why he was clad only in shorts when the police officers arrived, he stated that he had taken off his shirt, undershirt, and trousers to use as bandages.

At the trial, appellant recited a somewhat different version of the occurrence, continuing nevertheless to assert that the shooting was entirely accidental. He testified as follows: "I did tell the police that there was a man in the apartment, and I did this and I was wrong, and I did it with the intent to divert any publicity as to what was in the paper the next day, more or less to keep the attention on me and off of her and the children, but the publicity was as bad anyway . . . That is the reason I said that there was another man there, and I was wrong, and I am saying under oath now that the gun was set off by accident. That is all I have to say".

Janet Lees testified as follows: "Q. Now, what happened on September 4, 1961? A. There was a fight with me. Q. A fight with you? A. Yes. Q. Who fought with you? A. My husband. Q. What did he do? A. Well, I guess he was drunk. Q. What finally happened to you? A. The next thing I know, I was in the hospital . . . Q. Where were you when you were shot? A. I was at home. Q. In what part of your house? Were you in bed? A. He had pushed me in bed, and he pushed me back with my feet, and I was up this way and then I was down out [sic] the floor. Q. The last place you remember being was on the floor; is that right? A. Yes, sir . . . Q. Mrs. Lees, at the time you and your husband were arguing on this unfortunate day and immediately before you became unconscious, was there any man in your apartment? A. No, sir".

Appellant contends that the Commonwealth failed to prove beyond a reasonable doubt that his wife's injury "was inflicted intentionally and with malice". It

is of course true, as appellant argues, that aggravated assault and battery is a serious offense and a conviction thereof should not be allowed to stand unless clearly warranted by the evidence: *Commonwealth v. Franklin*, 160 Pa. Superior Ct. 484, 52 A. 2d 230. However, it is not required that the intent to do injury be actual or specific. Malice is not limited to a particular ill will but comprehends reckless conduct from which injury is likely to result: *Commonwealth v. Raspa*, 138 Pa. Superior Ct. 26, 9 A. 2d 925. If an act is done recklessly and wilfully, the law will of itself imply malice: *Smith v. Commonwealth*, 100 Pa. 324.

In a criminal prosecution, the evidence is sufficient to warrant a conviction where the circumstances proved are such as reasonably and naturally justify an inference of guilt, and are of such volume and quality as to overcome the presumption of innocence and satisfy the fact finder of the accused's guilt beyond a reasonable doubt: *Commonwealth v. Lewis*, 190 Pa. Superior Ct. 591, 155 A. 2d 410. After a verdict of guilty, the test of the sufficiency of the evidence is not that alone which is favorable to the defendant, but any evidence in the record which supports the conviction: *Commonwealth v. Melton*, 406 Pa. 343, 178 A. 2d 728. The credibility of the witnesses and the inferences to be drawn from the testimony are for the fact finder: *Commonwealth v. Rose*, 179 Pa. Superior Ct. 531, 117 A. 2d 797. In passing upon a motion in arrest of judgment, the court must ignore the evidence of the defendant, which the fact finder had the privilege of rejecting, and must accept as correct all the evidence which supports the verdict: *Commonwealth v. Ornato*, 191 Pa. Superior Ct. 581, 159 A. 2d 223, affirmed 400 Pa. 626, 163 A. 2d 90. See also *Commonwealth v. Harris*, 195 Pa. Superior Ct. 606, 171 A. 2d 850.

There is no merit in appellant's argument that, because the Commonwealth introduced his statement in

evidence, it was bound thereby. Where the Commonwealth offers a defendant's confession in evidence, it is not bound by statements therein favorable to the defendant, but may contradict such statements by other proof: *Commonwealth v. Eberhardt,* 164 Pa. Superior Ct. 591, 67 A. 2d 613. We are all of the opinion that the record in the case at bar fully supports appellant's conviction.

Judgment affirmed.