THE STATE OF NEW JERSEY, APPELLANT, v. EDWARD WALTER McDOWNEY, DEFENDANT-RESPONDENT.

Argued April 24, 1967—Decided July 5, 1967.

*Mr. Albert J. Zamal,* Assistant Prosecutor of Gloucester County, argued the cause for appellant (*Mr. Alvin E. Granite,* Prosecutor of Gloucester County, attorney).

*Mr. Samuel G. DeSimone* argued the cause for defendant-respondent.

The opinion of the court was delivered by

HANEMAN, J. On May 7, 1966 the body of Yvonne Mc-Downey was found by police lying in a shallow stream in Gloucester County, New Jersey. She had been shot in the neck and head. Following an investigation police arrested defendant, Edward McDowney, who had been living with Yvonne as her husband in Adelphi, Maryland. McDowney was indicted by the Grand Jury of Gloucester County, the indictment charging that he, "on the 24th day of April, 1966 in the Township of Mantua, in the County of Gloucester aforesaid, and within the jurisdiction of this Court did willfully, feloniously and with malice aforethought, kill and murder Yvonne McDowney, contrary to the provisions of *R. S.* 2A:113–1 and 2A:113–2, and against the peace of this State, the government and dignity of the same."

Before trial McDowney made application for a Bill of Particulars which the prosecutor answered in such a way as to show that there was a question concerning the location of the occurrence of the shooting. This question was created by two confessions given by McDowney in which he admitted that he had killed Yvonne in the early hours of April 24, 1966, but stated that he had done so in Washington, D. C. According to the confessions defendant and Yvonne left a party at about 4:00 A. M. Yvonne had been drinking and she became verbally and physically abusive. He drove to Rock Creek Park where he took a gun from his glove compartment and shot her. Not knowing what to do he started driving and was soon on the way north with Yvonne's body on the front seat of the car. He eventually stopped in New Jersey and carried Yvonne's body from the car to a small stream where he laid her down.

Shortly thereafter while cleaning his car of dirt, blood and broken glass, he was observed by one Howard Geiger. Subsequently he returned to his home in Maryland. We add that, although the decision does not turn upon it, we were informed at the argument that defendant has not been indicted in either the District of Columbia or elsewhere.

Following the furnishing of the Bill of Particulars, the defense moved to dismiss the indictment on the ground of lack of jurisdiction. At this time the two confessions were apparently informally given to the trial judge by defense counsel without objection by the State. Although the defense offered no sworn support for the motion, the State, nevertheless offered four affidavits, two of which are relevant on the present issue. Those two were the affidavits of Howard Geiger, which placed the blood-stained car in New Jersey on the morning of April 24, and of Lieutenant Detective Eugene Hensgen, which established that the body was found in New Jersey.

The court considered the affidavits and defendant's two confessions. Based on this it determined that New Jersey did not have jurisdiction and ordered that the indictment be dismissed. The State appealed pursuant to *R. R.* 1:2–1(c).

 It is fundamental that an essential element necessary to the invocation of jurisdiction in criminal cases is that the crime be committed in the state in which the case is tried. 4 *Wharton's Criminal Law and Procedure* § 1501 (1957); *State v. Stow,* 83 *N. J. L.* 14 (*Sup. Ct.* 1912); *State v. Wychoff,* 31 *N. J. L.* 65 (*Sup. Ct.* 1864). The allegations in the indictment met that requirement in that it was alleged that the killing occurred in Gloucester County, New Jersey. The indictment was therefore sufficient on its face. Ordinarily an indictment should not be dismissed unless its insufficiency is palpably shown. *State v. La Fera,* 35 *N. J.* 75 (1961); *State v. Weleck,* 10 *N. J.* 355 (1952); *State v. Russo,* 6 *N. J. Super.* 250 (*App. Div.* 1950), cert. denied 4 *N. J.* 456 (1950). Despite the fact that the indictment was sufficient on its face the defense offered no sworn proof in con-

tradiction of the facts therein stated. The trial court, however, took into consideration the two confessions, and based upon the information therein, dismissed the indictment. We hold that the dismissal was error.

■ There was nothing proper here to support defendant's motion. The confessions, of course, were not the equal of oral testimony by defendant and could in no event be offered by him as evidence on his behalf. On the other hand they might be introduced by the State. If the State should choose to introduce them at any point in the trial, as evidence on a given issue, it is not bound as having admitted the truth of all parts of the confessions as they relate to issues in the case. *Commonwealth v. Lees,* 199 *Pa. Super.* 383, 185 *A. 2d* 815 (1962); *Bange v. State,* 237 *Ind.* 422, 146 *N. E. 2d* 811 (*Sup. Ct.* 1958); *Truman v. State,* 153 *Neb.* 247, 44 *N. W. 2d* 317 (*Sup. Ct.* 1950); *Commonwealth v. Eberhardt,* 164 *Pa. Super.* 591, 67 *A. 2d* 613 (1949).

■ While the confessions might be of considerable significance in ascertaining the facts, here there is also an indication of other evidence from which different factual conclusions might be drawn. The site of the crime need not be proved by direct evidence. *State v. Brooks,* 136 *N. J. L.* 577 (*E. & A.* 1948). Affidavits introduced by the State placed both the body and the bloody car in New Jersey. Such circumstantial evidence as the presence of the body within the State has been held sufficient to allow the drawing of an inference that the crime was committed at that place. *United States v. Rees,* 193 *F. Supp.* 849 (*D. C. Md.* 1961); *Breeding v. State,* 220 *Md.* 193, 151 *A. 2d* 743 (*Ct. App.* 1959); *Reynolds v. State,* 199 *Tenn.* 349, 287 *S. W. 2d* 15 (*Sup. Ct.* 1956); *Commonwealth v. Knowlton,* 265 *Mass.* 382, 163 *N. E.* 251 (*Sup. Ct.* 1928).

■■ In any event, a pre-trial motion to dismiss for lack of jurisdiction as here made, should be granted only after very careful consideration. The moving party must carry the burden by showing that no inference could reasonably be drawn placing the site of the crime within the State. Such

consideration should require more than the mere presentation of affidavits. The motion should be granted only after a plenary hearing which affords all parties the opportunity for the examination and cross-examination of witnesses and allows the court to observe demeanor.

For the reasons expressed herein, the decision of the trial court is reversed and the case remanded for disposition in accordance with this opinion.

*For reversal and remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.