(No. 13723.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HORACE SIMMONS, Plaintiff in Error.

*Opinion filed October 22, 1921.*

1. CRIMINAL LAW—*when judgment will not be reversed for failure to find age of defendant.* A judgment of conviction sentencing the defendant to the penitentiary will not be reversed merely because it does not appear from the record that the jury made a finding as to the defendant's age, where the record consists merely of the common law record and contains no bill of exceptions, as in such case it will be presumed that the defendant was more than twenty-one years of age and that the court properly exercised its discretion in sentencing him to the penitentiary.

2. SAME—*prejudicial error must be shown by record.* Prejudicial error must be shown by the record before a defendant will be entitled to a judgment of reversal.

3. Other questions in this case are controlled by the decisions in *People* v. *Doras,* 290 Ill. 188, and *People* v. *O'Donnell,* 291 id. 178.

CARTWRIGHT and DUNN, JJ., dissenting.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

LEO L. WEIL, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error, Horace Simmons, and David Miller, were jointly indicted and tried and plaintiff in error was convicted in the criminal court of Cook county for the crime of robbery. The indictment charged that they on · October 31, 1917, committed an assault upon Edward B. Conklin and took from him $7047 of the money and personal goods and property of the Central Manufacturing District Bank, a corporation, then and there in the custody of

Conklin, and that defendants were then and there armed with a dangerous weapon, a certain revolver, with the unlawful intent then and there, if resisted, to kill and maim Conklin. The jury found plaintiff in error guilty of robbery in manner and form as charged in the indictment, and further found from the evidence that at the time he committed the robbery he was armed with a dangerous weapon, a revolver, with intent, if resisted, to then and there kill or maim the person so robbed. Motion for new trial was overruled and the court sentenced him to the penitentiary for the maximum term fixed by statute for such crime, the judgment reciting that at the time of the commission of the robbery he was armed with a dangerous weapon, a revolver, with intent, if resisted, to then and there kill or maim the person so robbed. The record is brought to this court for review by writ of error.

The grounds relied on for reversal are, (1) that the Parole act is unconstitutional and violates article 3 of the constitution of Illinois and the fourteenth amendment to the Federal constitution; (2) that the verdict of the jury is null and void because there is no finding therein of the age of the plaintiff in error in accordance with the provisions of section 2 of the act of 1917, commonly known as the Parole act. (Laws of 1917, p. 353.)

The first contention of plaintiff in error that the Parole act of 1917 is unconstitutional was decided against his contention in the cases of *People* v. *Doras,* 290 Ill. 188, and *People* v. *O'Donnell,* 291 id. 178. There were three members of this court that dissented from the decisions reached in those cases by the court. The same conclusion was announced in the cases of *People* v. *Hannon,* 291 Ill. 578, *People* v. *Hussar,* 291 id. 577, *People* v. *Connors,* 291 id. 614, and other cases. The decisions of the court upon points raised in those cases must be considered as final so far as this court is concerned, and for that reason it is not necessary to further consider those points.

The record in this case contains merely the common law record and no exceptions were made or saved by plaintiff in error of any character, so far as the record shows, and it does not appear that either question suggested for the decision of this court was raised in the trial court. It is stated in plaintiff in error's brief that the facts proved in the trial court are of no importance in the decision of the questions here raised. We cannot give our assent to that conclusion. As the record contains no bill of exceptions, it will be presumed that the plaintiff in error was more than twenty-one years of age and that the court properly exercised its discretion in sentencing him to the penitentiary. *Sullivan* v. *People,* 156 Ill. 94; *People* v. *Liedecker,* 258 id. 395.

By the provisions of section 3 of the Parole act every male person between the ages of sixteen and twenty-six years, except in capital cases, may, in the discretion of the court, be sentenced to the reformatory instead of the penitentiary; and every male person between the ages of twenty-one and twenty-six years who has been previously sentenced to the penitentiary or reformatory in this or any other State or country may, in the discretion of the court, be sentenced to the penitentiary instead of the reformatory. Section 2 of the same act provides that the jury in the trial of every case in the act enumerated, and the court on a plea of guilty, shall find the age of the defendant, as near as may be. All trial courts should require the jury to make such finding where there is a jury trial, and on receiving pleas of guilty should hear evidence and make the same finding, so that it may clearly appear from the record that the court had discretion and exercised the proper discretion in sentencing defendant. In this case, under the showing in the record, we do not feel warranted in reversing the judgment of the court for the mere showing that technical error has been committed by not requiring the jury to make such statutory finding. It is not even claimed by plaintiff

in error that he was not more than twenty-one years of age or that he ought not to have been sentenced to the penitentiary. Reversible error must be shown by the record before a defendant will be entitled to have a judgment of reversal.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*

CARTWRIGHT and DUNN, JJ., dissenting.