(No. 29300—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANDREW CAPO, Plaintiff in Error.

*Opinion filed March 20, 1946*

Andrew Capo, *pro se.*

George F. Barrett, Attorney General, and William J. Tuohy, State's Attorney, of Chicago, (Edward E. Wilson, John T. Gallagher, Melvin S. Rembe, Joseph A. Pope, and C. D. Pemberton, all of Chicago, of counsel,) for the People.

Mr. Justice Murphy delivered the opinion of the court:

Plaintiff in error, Andrew Capo, and two others were indicted in the criminal court of Cook county for the crime of murder. Plaintiff in error selected his own counsel and after arraignment and a lapse of about ninety days, he entered a plea of guilty to manslaughter. Evidence was heard and an order entered committing him "to the penitentiary of this state at Joliet for the crime of manslaughter whereof he stands convicted, for a term of years not to exceed the maximum term fixed by statute for the crime whereof he stands convicted." He has sued a writ of error out of this court to review the proceeding but has presented nothing but the common-law record.

In January, 1926, when plaintiff in error was sentenced, the penalty for manslaughter was imprisonment in the penitentiary for life or any number of years. Where the accused was found guilty by a jury, it fixed the punishment in the verdict. Upon a plea of guilty the punishment was fixed by the court. (Smith's Stat. 1925, chap. 38, par. 343.) In 1927 the statute was amended to read: "Whoever is guilty of manslaughter shall be imprisoned in the penitentiary for from one to fourteen years." Laws of 1927, page 398.

Plaintiff in error contends that the judgment order did not commit him to a penitentiary, and in this connection refers to that part of the judgment order which directs the sheriff to deliver him to the penitentiary of this State at Joliet. The contention is made without due consideration to the other parts of the judgment. It contains a recital of findings of fact, such as age of defendant and his guilt, and it then orders that defendant be adjudged guilty of manslaughter and that he be sentenced "to the penitentiary of this state at Joliet." This question was fully considered in *People v. Wockner*, 389 Ill. 381, and it was there determined that the judgment was sufficient.

It is further contended that plaintiff in error is entitled to the benefits of the reduction of the maximum penalty for manslaughter as provided by the amendment of 1927. It is well-established law of this State that the presumption is that a statute is intended to operate prospectively only, and that it will not be construed to have retroactive operation unless the language employed is so clear that it will admit of no other construction. (*People ex rel. Kerner v. McKinley*, 371 Ill. 190; *People ex rel. Calstrom v. David*, 336 Ill. 353.) There is nothing contained in the section as amended in 1927 by which it can be construed to give it retroactive effect. *People v. Simmons*, 299 Ill. 201.

The chief complaint of plaintiff in error refers to actions of the Parole Board. Such matters are not a part of the

common-law record and cannot be considered in this case. (*People* v. *Conn*, 391 Ill. 190.) The sentence was for the maximum term provided by law. (*People* v. *Connors*, 291 Ill. 614.) The law imposes the execution of the judgment on the executive department of the government. *People* v. *Simmons*, 299 Ill. 201.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*