Commonwealth ex rel. Brough *v.* Burke.

Argued September 27, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER. JJ.

*James C. Crumlish, Jr.,* for petitioner.

*Ralph B. Umsted,* Deputy Attorney General, with him *J. Stroud Weber,* District Attorney and *Charles J. Margiotti,* Attorney General, for respondent.

OPINION BY RHODES, P. J., January 12, 1951:

Relator presented a petition for writ of habeas corpus to this Court.[1] We granted a rule to show cause why the writ should not issue. Answers were filed to

---

[1] It appears that relator filed a petition for writ of habeas corpus in the Court of Common Pleas of Montgomery County, and the same was dismissed and the writ denied by order of that court on December 3, 1948; and no appeal was taken from that order. See *Com. ex rel. Brough v. Burke,* 67 Pa. D. & C. 207. See, also, *Com. ex rel. Orlando v. Smith,* 346 Pa. 42, 30 A. 2d 534.

the petition. We appointed counsel to represent relator before this Court. The case having been listed for argument, counsel made an oral argument and filed a brief on relator's behalf. A deputy attorney general represented the Pennsylvania Board of Parole, filed a brief, and participated in the argument.

On August 5, 1938, relator pleaded guilty in the Court of Oyer and Terminer and General Jail Delivery of Montgomery County to a bill of indictment, No. 145, June Sessions, 1938, drawn under the Act of April 15, 1907, P. L. 62, as amended, 19 PS §241, charging him with having committed malicious injury to railroads. On September 9, 1938, that court imposed a general sentence to the Pennsylvania Industrial School (Reformatory) at Huntingdon. The effect of this sentence was to subject the relator automatically to confinement there for a full term of ten years prescribed as the maximum punishment for this offense (Act of May 9, 1913, P. L. 186, §1, 18 PS §3411), unless sooner released by action of the reformatory authorities. Act of April 28, 1887, P. L. 63, §6, 61 PS §485. Relator was paroled by the board of trustees on November 7, 1939. While on parole he was convicted of involuntary manslaughter, and sentenced to eighteen months in the Philadelphia County Prison. Upon the expiration of this sentence on March 26, 1942, he was transferred to the Eastern State Penitentiary.[2] See Act of April 28, 1887, P. L. 63, §10, 61 PS §495; Act of April 18, 1929, P. L. 542, 61 PS §71. On November 29, 1943, relator was reparoled by the Pennsylvania Board of Parole; and on

---

[2] Section 4 of the Act of July 11, 1923, P. L. 1044, as amended, 61 PS §75, provides, in part: "Such person or persons as may be so transferred or retransferred shall be subject to the same term of imprisonment as that imposed upon them at the time of sentence under law, as attached to sentence at the time the same was imposed, either as to parole or as to commutation by reason of good behavior."

December 6, 1945, he pleaded guilty in the Court of Quarter Sessions of Montgomery County to a charge of operating a motor vehicle while under the influence of intoxicating liquor, and was sentenced to imprisonment for thirty days in the Montgomery County Prison. At the expiration of that term, on January 14, 1946, he was returned to the penitentiary as a parole violator. On May 20, 1947, he was again paroled by the Board of Parole, and recommitted on October 6, 1947, for a technical violation of parole. The Board of Parole calculates the expiration date of relator's sentence to be March 9, 1953. Except for the last time relator was on parole, to wit, from May 20, 1947, to October 6, 1947, no time was credited on relator's sentence other than the time actually spent in the Pennsylvania Industrial School at Huntingdon[3] and in the Eastern State Penitentiary.

The Act of June 6, 1893, P. L. 326, §4, 61 PS §523, which is a supplement to the Act of April 28, 1887, P. L. 63, and which has application to the Pennsylvania Industrial School, provides: "Whenever any paroled inmate of the said industrial reformatory shall violate his parole and be returned to the institution, the time when he was on parole may, in the discretion of the board of managers, be added to the maximum sentence which he could be required to serve, and, in their discretion, the said paroled inmate may be compelled to serve in addition to the maximum sentence, a period of time equal to the time that he was on parole."

The powers of the board of managers, later board of trustees, as conferred in the above Act were transferred to the Pennsylvania Board of Parole by virtue of the Act of August 6, 1941, P. L. 861, as amended, 61 PS

---

[3] See section 202 of the Act of April 9, 1929, P. L. 177, as amended by the Act of June 1, 1931, P. L. 350, §1, 71 PS §62. See, also, Act of June 21, 1937, P. L. 1865, §1.

§331.1 et seq. See *Com. ex rel. Banks v. Cain* 345 Pa. 581, 28 A. 2d 897; *In re Parole No. 1,* 46 Pa. D. & C. 542.

Section 17 of the Parole Act, 61 PS §331.17, provides, inter alia, as follows: "The board shall have exclusive power to parole and reparole, commit and recommit for violations of parole, and to discharge from parole all persons heretofore or hereafter sentenced by any court in this Commonwealth to imprisonment in any prison or penal institution thereof, whether the same be a state or county penitentiary, prison or penal institution, as hereinafter provided".

Relator contends that the term of his sentence expired on February 11, 1949. It was imposed on September 9, 1938, and the maximum term of imprisonment provided by law for such an offense was ten years. While relator does not set forth the method of his computation, the gravamen of his complaint is that he should have been allowed credit on his sentence for the time he was on parole. Relator concedes that under the provisions of the Act of 1893, 61 PS §523, the board of trustees, in their discretion, could deny him such credit, but his position is that section 4 of the Act of 1893, 61 PS §523, and the Act of 1941 in so far as it vests in the Board of Parole the parole power given to the board of trustees of the Huntingdon Industrial School (Reformatory), are unconstitutional in that they attempt to delegate judicial power in contravention of Article V, section 1 of the Constitution of the Commonwealth of Pennsylvania. The arguments presented follow those before us in *Com. ex rel. Carmelo v. Burke,* 168 Pa. Superior Ct. 109, 78 A. 2d 20, which involved the validity of section 10 of the Act of June 19, 1911, P. L. 1055, as amended, 61 PS §305. It is unnecessary for us to repeat what was said in disposing of the respective contentions in that case.

While section 10 of the Act of June 19, 1911, P. L. 1055, as amended, 61 PS §305, applicable to peniten-

tiary prisoners, requires the parolee, after recommitment by reason of his conviction of a crime committed while on parole, to serve "the remainder of the term (without commutation) which said convict would have been compelled to serve but for the commutation authorizing said parole," section 4 of the Act of 1893, 61 PS §523, provides that upon violation of parole "the time when he [the parolee] was on parole may, in the discretion of the board of managers [now the Board of Parole], be added to the maximum sentence which he could be required to serve, and, in their discretion, the said paroled inmate may be compelled to serve in addition to the maximum sentence, a period of time equal to the time that he was on parole." In substance, the effect of the two Acts is the same, the one applying to penitentiary prisoners, and the other to reformatory prisoners. Under section 10 of the Act of 1911, as amended, credit for time on parole must be denied to a parole violator. Under section 4 of the Act of 1893, such credit may be denied in the discretion of the parole authorities. Whether the action of the Board of Parole is mandatory or discretionary, the term of the sentence is not thereby extended.

It is conceded that the authority for the detention of relator beyond the date when his original maximum sentence would have expired if no parole had been granted is section 4 of the Act of June 6, 1893, P. L. 326, 61 PS §523. See, also, section 1 of the Act of May 1, 1929, P. L. 1183, as amended by the Act of May 11, 1931, P. L. 109, 61 PS §521.

Notwithstanding the phraseology of section 4 of the Act of 1893, 61 PS §523, no time is added to the duration of relator's maximum sentence in denying him credit for the time he was on parole and in requiring him to serve the maximum sentence without credit for the period or periods he was on parole. The legislative intent is clear, as disclosed by the statute, that a re-

formatory prisoner who has violated his parole may be denied credit, in the discretion of the parole authorities, for the time spent on parole in the computation of the duration of his maximum sentence. We do not consider this constitutionally objectionable.

Rule is discharged and writ of habeas corpus is refused.