Commonwealth ex rel. Reggie, Appellant, *v.*
Burke.

Argued March 3, 1952. Before RHODES, P. J., RENO,
DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (HIRT, J.,
absent).

*Joseph J. Marticelli,* with him *Samuel Reggie,* in propria persona, for appellant.

*Louis G. Feldman,* District Attorney, with him *Nathan Hyman,* Assistant District Attorney, for appellee.

OPINION BY RHODES, P. J., July 17, 1952:

This is an appeal by relator from the order of President Judge VALENTINE of the Court of Common Pleas of Luzerne County dismissing petition for a writ of habeas corpus and discharging the rule granted thereon. Counsel was appointed by the court below to represent relator in the prosecution of his appeal.

Relator has a lengthy criminal record, involving sex offenses. On February 2, 1936, as a juvenile, he was committed to Kis-Lyn School upon a charge of indecent assault. He was released two months thereafter but by reason of a subsequent delinquency he was returned to Kis-Lyn on October 10, 1936, where he remained until discharged on December 17, 1938. In June, 1939, he received a one-year sentence to the Luzerne County Prison for indecent exposure; he was paroled on April 2, 1940. On July 9, 1940, he entered a plea of guilty to a charge of sodomy at No. 493, June Sessions, 1940, in the Court of Oyer and Terminer of Luzerne County; he received a general sentence to the Pennsylvania Industrial School at Huntingdon. This is the sentence which relator questions in the present appeal. After being paroled on May 1, 1945, he was convicted upon a charge of open lewdness in Newark, New Jersey, in March, 1946, for which he was sentenced for a term of two to three years in the New Jersey State Prison. Upon his parole from that institution on August 29, 1947, he was returned on a detainer to the Pennsylvania Industrial School as a parole violator by reason of his conviction of a crime committed while

on parole. On September 4, 1947, relator was transferred to the Eastern State Penitentiary pursuant to the provisions of the Act of April 28, 1887, P. L. 63, §10, 61 PS §495,[1] and the Act of June 21, 1937, P. L. 1944, §6, as amended by the Act of March 26, 1945, P. L. 60, §4, 61 PS §545-6. It appears that his maximum sentence will expire on November 7, 1952.

Relator avers in his petition that his confinement in the Eastern State Penitentiary is "a deprivation of liberty without due process of law in violation of the Fourteenth Amendment" because at the time he pleaded guilty to the sodomy charge he was only eighteen years old, was not provided with counsel, and was not advised that he was entitled to the benefit of counsel at that time.

The District Attorney of Luzerne County claims that prison records indicate the age of relator at the time of entry of the plea as being twenty years rather than eighteen. For the purpose of this decision, however, we view the discrepancy as immaterial.

The failure to provide counsel when none is requested or to advise a defendant that counsel will be assigned him upon request does not constitute, ipso facto, a denial of due process or other violation of a defendant's constitutional rights in non-capital cases. *Com. ex rel. McGlinn v. Smith,* 344 Pa. 41, 49, 24 A. 2d 1; *Com. ex rel. Withers v. Ashe,* 350 Pa. 493, 39 A. 2d 610; *Com. ex rel. Townsend v. Burke,* 361 Pa. 35, 39, 63 A. 2d 77; *Com. ex rel. Berry v. Ashe,* 167 Pa. Superior Ct. 171, 74 A. 2d 727; *Com. ex rel. Hovis v. Ashe,* 165 Pa. Superior Ct. 30, 67 A. 2d 770, affirmed 364 Pa. 81, 70 A. 2d 630, certiorari denied 339 U. S. 970, 70 S. Ct. 990, 94 L. Ed. 1378. Relator made no request for counsel.

---

[1] Amended by Act of June 30, 1951, P. L. 973, §3.

Both federal and state courts have said that, to invalidate a plea of guilty in non-capital cases by reason of denial of due process arising from failure to provide a prisoner with counsel by the courts of this Commonwealth, the prisoner must establish that for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement. *Foster v. Illinois,* 332 U. S. 134, 137, 67 S. Ct. 1716, 91 L. Ed. 1955, 1958; *Quicksall v. Michigan,* 339 U. S. 660, 70 S. Ct. 910, 94 L. Ed. 1188; *Com. ex rel. Popovich v. Claudy,* 170 Pa. Superior Ct. 482, 486, 87 A. 2d 489; *Com. ex rel. Reese v. Claudy,* 170 Pa. Superior Ct. 488, 494, 87 A. 2d 492. In the absence of such ingredient of unfairness, the question of waiver of the right to counsel, understandingly made, does not require consideration.

The facts in *Commonwealth ex rel. Popovich v. Claudy,* supra, 170 Pa. Superior Ct. 482, 87 A. 2d 489, are so analogous to those in the present case as to render our decision in the *Popovich* case entirely controlling in the case at bar. In that case we held that the mere fact that the relator was youthful (17 years, 8 months), and the charge serious, at the time of entry of his uncounseled plea of guilty did not establish per se any element of unfairness or denial of due process in the proceedings resulting in his confinement. Equally applicable to the instant case is the statement in the *Popovich* case (p. 487 of 170 Pa. Superior Ct., p. 491 of 87 A. 2d) : "Nowhere does relator point out how he has been prejudiced or in what respect he suffered disadvantage or was handicapped in pleading to the indictments by reason of lack of counsel. Relator has not advanced, and from our own examination we cannot discover, any reason that would sustain a conclusion that the presence of counsel would have altered the disposition of his case."

Nowhere in the record before us does relator even suggest that he was not guilty of the offense charged. We further note that in the present case, as in the *Popovich* case, the relator was sentenced to the Pennsylvania Industrial School rather than to a penitentiary, and was thereby given an opportunity to reform and rehabilitate himself. He failed to avail himself of such opportunity and after parole committed another offense. Therein lies the reason for his confinement, and his mere claim of denial of due process offers no probable cause for him to be delivered.

Relator further contends that he may not be lawfully imprisoned after the expiration of a calendar period equal to the maximum legal sentence for the offense charged (in this case ten years; see Act of June 24, 1939, P. L. 872, §501, 18 PS §4501) dating from the effective date of the sentence. In other words he claims he should be credited with the time spent on parole. This contention has been answered in *Com. ex rel. Brough v. Burke,* 168 Pa. Superior Ct. 119, 78 A. 2d 25, wherein we held that under section 4 of the Act of June 6, 1893, P. L. 326, 61 PS §523, a reformatory prisoner who violated his parole may be denied credit, in the discretion of the parole authorities, for the time spent on parole in the computation of the duration of his maximum sentence.

The order is affirmed.