## Commonwealth ex rel. Williamson, Appellant, *v.* Burke.

40

Submitted October 7, 1952.   Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Victor E. Williamson,* appellant, in propria persona, submitted a brief.

*Markin R. Knight,* District Attorney, *Frank P. Lawley, Jr.,* Assistant Deputy Attorney General, *Randolph C. Ryder,* Deputy Attorney General, and *Robert E. Woodside,* Attorney General, for appellee, submitted a brief.

OPINION BY RHODES, P. J., November 12, 1952:

Relator filed his petition for writ of habeas corpus in the Court of Common Pleas of Lycoming County. He has appealed from the dismissal of his petition.

On January 21, 1943, relator was sentenced generally to the Pennsylvania Industrial School at Camp Hill by the Court of Quarter Sessions of Lycoming County after entering guilty pleas to three bills of indictment (Nos. 54, 55, and 56, December Sessions, 1942), charging burglary and larceny.

On April 10, 1944, he was released on parole. While on parole he pleaded guilty in the Court of Quarter Sessions of Lycoming County to a bill of indictment charging burglary (No. 9, December Sessions, 1944). For this crime he was sentenced on December 29, 1944, to the Eastern State Penitentiary[1] for a term of not less than one year nor more than two years, effective November 24, 1944. At the expiration of the maximum term of such sentence on November 24, 1946, he was again paroled on the previous sentence to the Pennsylvania Industrial School. On August 25, 1948, he was declared delinquent and thereafter he was recommitted to the Pennsylvania Industrial School as a technical parole violator. On November 12, 1948, he was transferred to the Eastern State Penitentiary pursuant to the provisions of section 10 of the Act of April 28, 1887, P. L. 63, 61 PS §495,[2] and section 6 of the Act of June 21, 1937, P. L. 1944, as amended by the Act of March 26, 1945, P. L. 60, §4, 61 PS §545-6. See,

---

[1] This was not the same place of confinement from which he had been released on parole. See section 10 of the Act of June 19, 1911, P. L. 1055, as amended by the Act of June 22, 1931, P. L. 862, 61 PS §305; *Com. ex rel. Little v. Keenan*, 168 Pa. Superior Ct. 125, 78 A. 2d 27.

[2] Amended by the Act of June 30, 1951, P. L. 973, §3, 61 PS §495.

also, Act of April 9, 1929, P. L. 177, §2311, as amended, 71 PS §601. Cf. sections 1 and 4 of the Act of July 11, 1923, P. L. 1044, as amended, 61 PS §§72, 75; *Com. ex rel. Radziewicz v. Burke,* 169 Pa. Superior Ct. 263, 82 A. 2d 252.

On July 13, 1950, he was reparoled. On June 22, 1951, he was arrested in Maryland as a technical parole violator and returned to the Eastern State Penitentiary to which he had been transferred and where he is now confined. He has been allowed credit for the entire time while on parole and while delinquent on parole. His maximum sentence will expire on January 21, 1963.

The facts are not in dispute, and the questions which relator submits are without merit. In large part they have been decided adversely to him by previous decisions of this Court, or are determined by the statutory law.

In the first place, the Pennsylvania Board of Parole has exclusive power to parole and reparole, commit and recommit for violations of parole, and to discharge from parole all persons sentenced by any court in this Commonwealth to imprisonment in any prison or penal institution thereof, except those sentenced for a maximum period of less than two years. This is applicable to those sentenced to the Pennsylvania Industrial School at Camp Hill. The following are the relevant statutory enactments: Section 6 of the Act of April 28, 1887, P. L. 63, 61 PS §485;[3] sections 5 and 6 of the Act of June 21, 1937, P. L. 1944, 61 PS §§545-5, 545-6; sections 17 and 31 of the Act of August 6, 1941, P. L. 861, as amended, 61 PS §§331.17, 331.31. See *Com. ex rel. Popovich v. Claudy,* 170 Pa. Superior Ct. 482, 87 A. 2d 489. The power of the Parole Board to parole,

---

[3] Amended by the Act of June 30, 1951, P. L. 974, §3, 61 PS §485.

commit, and reparole relator as an inmate of the Pennsylvania Industrial School was exclusive, and no act or statement on the part of the authorities of that institution or of a trial judge could change or terminate his general sentence for burglary which automatically subjected him to confinement there for a term of twenty years, the maximum punishment which could be imposed for that crime (Act of June 24, 1939, P. L. 872, §901, 18 PS §4901). Section 17 of the Act of 1941, as amended, 61 PS §331.17, gives exclusive power and jurisdiction to the Pennsylvania Board of Parole of all matters of parole. *Com. ex rel. Carmelo v. Smith,* 347 Pa. 495, 32 A. 2d 913.

Sections 6 and 10 of the Act of April 28, 1887, P. L. 63, 61 PS §§485, 495 (now amended) are not unconstitutional in that they attempt to delegate judicial power which would be in contravention of Article V, §1, of the Constitution of Pennsylvania. The effect of the general sentence to the Pennsylvania Industrial School was to subject relator automatically to confinement for a full term of twenty years prescribed as a maximum punishment for the offense which he committed, unless sooner released by action of the Board of Parole. *Com. ex rel. Brough v. Burke,* 168 Pa. Superior Ct. 119, 78 A. 2d 25. The powers conferred by the Act of 1887 and now vested in the Board of Parole do not constitute a delegation of judicial power any more than a similar investment of authority in the Board of Parole under the provisions of the Parole Act of August 6, 1941, P. L. 861, as amended, 61 PS §331.1 et seq., the constitutionality of which has been sustained. *Com. ex rel. Banks v. Cain,* 345 Pa. 581, 28 A. 2d 897; *Com. ex rel. Carmelo v. Burke,* 168 Pa. Superior Ct. 109, 78 A. 2d 20.

The Board of Parole allowed credit to relator for approximately 19 months while on parole for which he

had previously been denied credit. The expiration date of relator's maximum sentence was thereby accelerated from August 18, 1964, to January 21, 1963. Under section 4 of the Act of June 6, 1893, P. L. 326, 61 PS §523, which is a supplement to the Act of April 28, 1887, P. L. 63, and applicable to the Pennsylvania Industrial School, where a paroled inmate of an industrial reformatory has violated his parole and has been returned to that institution, the granting or withholding of credit against his sentence for time spent on parole was held discretionary. *Com. ex rel. Brough v. Burke,* supra, 168 Pa. Superior Ct. 119, 122, 78 A. 2d 25; *Com. ex rel. Reggie v. Burke,* 170 Pa. Superior Ct. 647, 651, 90 A. 2d 385. Relator having been allowed credit for all of the time which he spent on parole has no cause to complain of the action of the Board of Parole which was to his distinct advantage.

Finally, the answer to relator's contention that he was illegally returned as a parole violator from Maryland to Pennsylvania is fully set forth in *Com. ex rel. Rushkowski v. Burke,* 171 Pa. Superior Ct. 1, 89 A. 2d 899, and *Com. ex rel. Harman v. Burke,* 171 Pa. Superior Ct. 547, 91 A. 2d 385.

The order is affirmed.