## Commonwealth ex rel. Clawges, Appellant, *v.* Claudy.

411

Argued April 13, 1953. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross and Wright, JJ. (Gunther, J., absent).

*John E. Caputo,* for appellant.

*Clark H. Painter,* District Attorney, with him *Frank P. Lawley, Jr.,* Deputy Attorney General, and *Robert E. Woodside,* Attorney General, for appellee.

OPINION BY WRIGHT, J., July 14, 1953:

On January 30, 1943, the relator, then nineteen years of age, pleaded guilty in the Court of Oyer and Terminer of Butler County to an indictment charging burglary. He received a general sentence to the Pennsylvania Industrial School at Camp Hill under the provisions of §6 of the Act of 1887, P. L. 63, as last amended by the Act of 1951, P. L. 974, 61 P.S. §485. This statute originally applied to the institution at Huntingdon, but was made applicable to the institution at Camp Hill by the Act of 1937, P. L. 1944, 61 P.S. §545.

On August 7, 1943, on petition of the Parole Officer of Butler County, the Court of Oyer and Terminer entered an order directing that the relator "be released and placed on probation or parole to the custody of C. D. Baker, Parole Officer of the Courts of Butler County, at such time and under such conditions as to the Superintendent of the said institution shall seem

right and proper". The record does not indicate, nor is it asserted by counsel, that any action was taken pursuant to this order.

On February 15, 1944, the Pennsylvania Board of Parole granted relator a parole, effective February 25, 1944. On July 5, 1945, he was recommitted as a technical violator, having been returned June 7, 1945. On July 3, 1946, he was granted a reparole, effective July 23, 1946. On August 11, 1946, he was again returned for violation of parole (formal action to recommit him as a technical violator being taken by the Pennsylvania Board of Parole on January 7, 1947). On September 13, 1946, the Board of Trustees of the Pennsylvania Industrial School at Camp Hill requested the Department of Welfare to approve the transfer of the relator to the Western State Penitentiary. See the Act of 1887, P. L. 63, §10, 61 P.S. §495; the Act of 1937, P. L. 1944, §6, as amended, 61 P.S. §§545-6; and the Act of 1929, P. L. 177, §2311, 71 P.S. §601. On December 1, 1946, the transfer was approved by the Secretary of Welfare, following which the transfer was made. On June 3, 1948, relator was granted a parole from the penitentiary, effective June 22, 1948. On June 26, 1951, he was returned to the penitentiary as a technical violator.

On January 15, 1952, relator filed the present petition for a writ of habeas corpus in the Court of Common Pleas of Butler County. On August 29, 1952, this petition was dismissed, and relator has appealed. The conclusion of the lower court was "that we have no jurisdiction of the matter raised by this petition. The defendant's sole remedy if he is illegally imprisoned is through an application to the parole board". Without agreeing with this reasoning, we have concluded that relator is lawfully confined and that a hearing was unnecessary. "But it would be absurd to suppose

that the Legislature intended to direct the taking of testimony when there is no issue of fact to be decided or when the facts averred by relator, even if believed, are insufficient to warrant granting the writ of habeas corpus. When the petition, answer, and original record disclose only questions of law, then, in this as in any other civil proceeding, the only hearing necessary is oral argument to hear relator's views on the legal issues involved": *Com. ex rel. Bishop v. Claudy*, 373 Pa. 523, 97 A. 2d 54.

Relator's first contention is that §6 of the Act of 1887, supra, is unconstitutional. He contends that there is a violation of the "equal protection clause" and the "due process clause" of the Fourteenth Amendment of the Constitution of the United States, and of due process under Article I, §9 of the Constitution of the Commonwealth of Pennsylvania, in that individuals such as he, who are first offenders under 21 years of age, receive a harsher and greater sentence than a second offender or an older first offender for the same crime. In addition he contends that they are deprived of the benefits of the Act of 1901, P. L. 166, §1, 61 P.S. §271, which authorizes commutation of sentence for good behavior.

Relator was sentenced on a plea of guilty to the crime of burglary, for which the maximum term was twenty years: Act of 1939, P. L. 872, §901, 18 P.S. §4901. The effect of the general sentence was to subject relator automatically to confinement for the full term, unless sooner released by action of the Board of Parole: *Com. ex rel. Williamson v. Burke*, 172 Pa. Superior Ct. 39, 92 A. 2d 239; *Com. ex rel. Brough v. Burke*, 168 Pa. Superior Ct. 119, 78 A. 2d 25. The general sentence imposed in compliance with the Act of 1887 is not a denial of equal protection nor of due process. The power to establish appropriate penalties

for the commission of crime is a function of the Legislature and, so long as all persons subjected to such legislation shall be treated alike, there is no constitutional violation: *Com. v. Levi*, 44 Pa. Superior Ct. 253.

Relator argues that his transfer to the penitentiary was in effect a new sentence and was a "clear infringement of the judicial function by an administrative body". Such transfers have heretofore been approved by this court: *Com. ex rel. Williamson v. Burke*, supra; *Com. ex rel. Popovich v. Claudy*, 170 Pa. Superior Ct. 482, 87 A. 2d 489; *Com. ex rel. Reggie v. Burke*, 170 Pa. Superior Ct. 647, 90 A. 2d 385; *Com. ex rel. Brough v. Burke*, supra. The constitutionality of the legislation in question has been upheld in *Com. ex rel. Carmelo v. Burke*, 168 Pa. Superior Ct. 109, 78 A. 2d 20, and *Com. ex rel. Magarahan v. Burke*, 171 Pa. Superior Ct. 111, 90 A. 2d 247.

As to the contention that relator is deprived of the benefits of the Act of 1901, P. L. 166, §1, 61 P.S. §271, it should be noted that under no circumstances would he have been eligible for the benefits therein provided. He was convicted of burglary, a crime punishable in a penitentiary. The only alternative to the general sentence was an indeterminate sentence under the provisions of the Act of 1911, P. L. 1055, §6, as amended, 19 P.S. §1057. This statute expressly excludes persons sentenced under its provisions from the benefits of the Act of 1901.

Relator's second contention is that §31 of the Act of 1941, P. L. 861, as amended by §13 of the Act of 1943, P. L. 767, 61 P.S. §331.31, which Act "generally purports" to vest the Pennsylvania Board of Parole with jurisdiction over inmates of the Pennsylvania Industrial School at Camp Hill, is unconstitutional in

that it conflicts with the procedure for absolute release of said inmates, as laid out in §§12 and 14 of the Act of 1887, P. L. 63, as amended by §3 of the Act of 1951, P. L. 974, 61 P.S. §§512, 513. The constitutionality of the Act of 1941 has been sustained generally both before the amendment of 1943: *Com. ex rel. Banks v. Cain,* 345 Pa. 581, 28 A. 2d 897, and after the amendment: *Com. ex rel. Carmelo v. Burke,* supra. Relator contends that, under §17 of the Act of 1941, 61 P.S. §331.17, the jurisdiction of the Board of Parole is limited to persons sentenced to a "prison or penal institution", and that the Pennsylvania Industrial School at Camp Hill is a "reformatory". A sufficient answer is that the language of §13 of the Act of 1943 clearly shows the intent of the Legislature to increase the jurisdiction of the Board of Parole to include the school at Camp Hill. Moreover, as argued by the Commonwealth, a reformatory is in a sense a penal institution: *McAndrews v. Hamilton County,* 105 Tenn. 399, 58 S.W. 483. Webster's definition of the term is "A penal institution to which young offenders are committed. . . . .".

Relator also questions the constitutionality of the Act of 1941, supra, on the ground that §21 thereof sets forth that the power to parole may not be exercised until after the expiration of the minimum term of imprisonment fixed by the sentence, whereas a general sentence has no minimum. While relator's sentence does not have a fixed minimum, he cannot be heard to complain of this fact, since it inures to his benefit. The powers of the Board of Managers, later Board of Trustees, of the school were transferred to the Pennsylvania Board of Parole by virtue of the Act of 1941, as amended: *Com. ex rel. Brough v. Burke,* supra. Under these powers the relator was subject to parole at any time.

Relator contends further that the Act of 1887, supra, provides only for discharge of inmates and nothing in the Act confers the power to parole. However, that power clearly appears in Section 10 which provides for the "absolute, temporary, or conditional release" of all inmates. We do not attach significance to relator's argument that the Board of Parole was not mentioned in the amended Act of 1951, nor to his contention that the Legislature did not intend that inmates should be placed on parole for the balance of the possible maximum term.

Relator apparently contends that the order made August 7, 1943, in the Court of Oyer and Terminer of Butler County was an absolute discharge. We do not so view it. Without passing upon the objection of the Commonwealth that this question is not properly before the Court (see *Com. ex rel. Sholter v. Claudy,* 171 Pa. Superior Ct. 442, 90 A. 2d 343; *Mullooly v. Short,* 365 Pa. 141, 74 A. 2d 136), we are of the opinion that the purported order was void since it was in effect a new sentence made after the expiration of the term in which the original sentence was imposed: *Com. ex rel. Holly v. Ashe,* 368 Pa. 211, 82 A. 2d 244; *Com. v. Downer,* 161 Pa. Superior Ct. 339, 53 A. 2d 897; *Com. v. Harrison,* 142 Pa. Superior Ct. 453, 16 A. 2d 665; *Com. v. Denson,* 157 Pa. Superior Ct. 257, 40 A. 2d 895.

On the day of argument, the District Attorney presented a motion to dismiss the appeal by reason of appellant's failure to comply with Rule 45 of this Court relative to filing of briefs. Since we have passed upon the merits of the case, this motion is denied.

The judgment of the lower court dismissing the writ of habeas corpus is affirmed for the reasons stated herein.