Commonwealth ex rel. Lyons *v.* Day, Appellant.

Argued November 16, 1954.

Frank P. Lawley, Jr., Deputy Attorney General, with him Abraham J. Levy, Special Deputy Attorney General and Frank F. Truscott, Attorney General, for respondent, appellant.

W. J. Woolston, for relator, appellee.

Samuel Dash, First Assistant District Attorney, with him Richardson Dilworth, District Attorney, in propria persona, for District Attorney, under Rule 46.

OPINION BY RHODES, P. J., January 14, 1955:

This is an appeal from the order of the Court of Common Pleas No. 1 of Philadelphia County granting

a writ of habeas corpus and discharging relator who was originally given a general sentence on a burglary conviction to the Pennsylvania Industrial School at Camp Hill. The determinative question is whether the Legislature intended the Act of July 29, 1953, P.L. 1447, § 1, further amending sections 4 and 6 of the Act of April 28, 1887, P.L. 63, 61 PS § 485, and limiting the duration of a general sentence to the Pennsylvania Industrial School to six years, to apply retroactively to prisoners sentenced to the Industrial School prior to the effective date of the amendment.

Relator was found guilty in the Court of Quarter Sessions of Philadelphia County upon a bill of indictment, No. 602, January Sessions, 1946, charging burglary, and he was sentenced by the court to the Pennsylvania Industrial School at Camp Hill, sentence to be computed from January 19, 1946. On April 3, 1948, he was released on parole, but he was recommitted to the Industrial School for technical parole violation on August 17, 1950. The record shows relator was reparoled on December 28, 1951, and again recommitted to the Industrial School on January 17, 1953. Under the applicable statute he was transferred to the State Penitentiary at Graterford on February 28, 1953, where he is presently confined. He would be required to remain in custody under his present sentence until January 19, 1966, the expiration of the twenty-year maximum term for burglary, unless sooner released by the Pennsylvania Board of Parole.

Relator filed the present petition for writ of habeas corpus in the court below on June 21, 1954. The court granted a rule to show cause, and an answer was filed by respondent. After hearing, the court below granted the writ and ordered relator discharged. This appeal is by the Warden of the State Penitentiary at Graterford

whose petition to have the appeal operate as a supersedeas was granted by the court below.

Relator contends that the 1953 amendment, which limits the time to be served by any person sentenced to the Industrial School, is retroactive, applies to his sentence, and entitles him to an absolute discharge. The question raised is of general importance as there are about one hundred thirty-five others who were similarly sentenced to the Industrial School prior to the 1953 amendment, and who would also be entitled to an absolute discharge if relator's contention is upheld and the amendment applied retroactively.

We are unanimously of the opinion that the Legislature did not intend the 1953 amendment to apply to persons sentenced to the Industrial School prior to the effective date thereof. The original Act of April 28, 1887, P.L. 63, § 4, 61 PS § 483, gave the court discretionary power to sentence either to the reformatory or to the penitentiary, in the case of those offenders coming within the age limitation[1] and not previously sentenced to a state prison. Section 6 of the original Act of April 28, 1887, P.L. 63, 61 PS § 485, provided: "Every sentence to the reformatory, of a person *hereafter* convicted of a felony or other crime, shall be a general sentence to imprisonment in the [reformatory] . . . , and the courts of this commonwealth imposing such sentence shall not fix or limit the duration thereof. The term of such imprisonment of any person so convicted and sentenced shall be terminated by the board of managers [later board of trustees, and still later board of parole] . . . , as authorized by this act; but such imprisonment shall not exceed the maximum term, provided by law, for the crime for which the

---

[1] See also Act of June 2, 1933, P. L. 1433, as amended, 11 PS §243 et seq.

prisoner was convicted and sentenced." [Italics supplied.] The amendatory Act of June 30, 1951, P.L. 974, changed the title of the institution to the Pennsylvania Industrial School at Camp Hill, and of the governing board thereof, and changed the age limit of persons who may be admitted to and detained therein.

In seeking his discharge, relator relies upon section 1 of the Act of July 29, 1953, P.L. 1447, further amending section 6 of the Act of April 28, 1887, P.L. 63, 61 PS § 485, which provides as follows: "The courts, in sentencing to said industrial school, shall not fix or limit the duration of sentence, but the time which any such person shall serve in said industrial school or on parole shall not in any case exceed six years or the maximum term provided by law for the crime for which the prisoner was convicted and sentenced, if such maximum be less than six years. The term of imprisonment may be terminated by the Pennsylvania Board of Parole in accordance with its rules and regulations formally adopted."

It is well established that, where the court in the exercise of its discretion sentences a person convicted of a crime to the Industrial School under the Act of 1887 and its amendments, the sentence is a general sentence. Such sentence automatically subjects the inmate to confinement for the maximum term that could be imposed for the crime for which he was convicted, except that since the 1953 amendment the duration of the sentence "shall" not exceed six years or the maximum term if such maximum is less than six years. Further, the power of the Pennsylvania Board of Parole to parole, commit, and reparole such inmate is exclusive, and no act or statement on the part of the authorities of the school, or of a trial judge, could change or terminate his general sentence. *Com. ex rel. Williamson v. Burke,* 172 Pa. Superior Ct. 39, 42, 43, 92 A. 2d 239;

*Com. ex rel. Clawges v. Claudy,* 173 Pa. Superior Ct. 410, 414, 98 A. 2d 225.

In considering the 1953 amendment, it is necessary to recognize the well established canon of construction: "No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature." Statutory Construction Act of May 28, 1937, P.L. 1019, Art. IV, § 56, 46 PS § 556; *Com. ex rel. Greenawalt v. Greenawalt,* 347 Pa. 510, 512, 513, 32 A. 2d 757; *Anderson v. Sunray Electric, Inc.,* 173 Pa. Superior Ct. 566, 569, 98 A. 2d 374; *People v. Capo,* 393 Ill. 342, 65 N. E. 2d 777.

Section 6 of the Act of 1887 used the words ". . . sentence . . . of a person *hereafter* convicted . . . ;" [italics supplied], and it was clearly intended to be prospective in its application. Similarly, the 1953 amendment uses the word "shall" throughout, and it is apparent that it was intended to apply only to a person sentenced after its effective date. The intention of the Legislature that the 1953 amendment should be given a prospective operation is further indicated when we consider both the nature of the general sentence prior to the 1953 amendment, and the undesirable results which would follow from a retroactive application of the amendment. In exercising their discretionary power to impose a general sentence to the reformatory or the Industrial School prior to the amendment, the courts naturally considered that the offender would be subject to supervision for rehabilitation for the maximum period attached to the particular crime for which he was convicted and sentenced. This is true whether such sentence could or could not be designated a judicial sentence of fixed duration. A sentencing judge, realizing that supervision of an offender who had committed a serious offense must be limited to six years, might very well feel bound to sentence such

person for several reasons to the penitentiary rather than to the Industrial School. We are convinced the language of the 1953 amendment is limited to future application, [2] but if it could be said that the language was general, and might be given retroactive or prospective operation, it would under the recognized principle of construction be held to be prospective only. *Com. ex rel. Greenawalt v. Greenawalt,* supra, 347 Pa. 510, 512, 32 A. 2d 757.

Assuming a retroactive application of the 1953 amendment would not result in an interference by the Legislature with a judicial sentence in a technical and constitutional sense, it would so operate in substance and effect. Therefore, a construction which is clearly constitutional is to be preferred to one that raises grave constitutional questions. Statutory Construction Act of May 28, 1937, P.L. 1019, Art. IV, § 52 (3), 46 PS § 552; *Hotel Casey Company v. Ross,* 343 Pa. 573, 23 A. 2d 737; *Com. v. Frank,* 159 Pa. Superior Ct. 271, 277, 48 A. 2d 10.

A construction of the 1953 amendment which gives it prospective operation is in the public interest and affords the Commonwealth protection as to those offenders previously sentenced. The individual inmate is not harmed by such an application of the 1953 amendment, and receives everything to which he is lawfully entitled. He remains subject to the jurisdiction of the Board of Parole, and he can be paroled as his conduct and past history may merit. An unconditional automatic release, by virtue of the 1953 amendment, would be in effect an unmerited and accidental pardon in so far as relator is concerned; and this would be dis-

---

[2] Cf. *People ex rel. Guariglia v. Foster,* 275 App. Div. 893, 90 N.Y.S. 2d 238; Ex parte Fisher, 36 P. 2d 841. See, also, Statutory Construction Act of May 28, 1937, P. L. 1019, Art. V, §73, 46 PS §573.

tinctly detrimental to the public. Relator by his parole violations has demonstrated his lack of fitness to return to society without qualification. We can find no indication upon the part of the Legislature that it intended every prisoner undergoing sentence to the Industrial School at the time of the 1953 amendment be unconditionally released at the end of six years from the date of the original sentence. To reach such a conclusion it would be necessary to ignore the well settled principle of statutory construction and to disregard those factors which widely involve the public interest.

The Attorney General of the Commonwealth,[3] representing the respondent, contends that, if the 1953 amendment be construed as retroactive, it would be an unconstitutional legislative interference with (1) the judicial power to sentence, and (2) a similarly unconstitutional legislative invasion of the executive power to pardon. Since, in our opinion, it is clear that the Legislature did not intend the 1953 amendment to have retroactive application in the sense urged by relator, these constitutional questions do not arise, and we are not called upon to decide them at this time.

The order of the court below is reversed, the petition for writ of habeas corpus is dismissed, and the relator is remanded to the custody of the respondent, Warden of the State Penitentiary at Graterford.

---

[3] See *Com. ex rel. Gryger v. Burke,* 173 Pa. Superior Ct. 458, 98 A. 2d 380.