Commonwealth ex rel. White, Appellant, *v.* Day.

Submitted April 14, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*William White,* appellant, in propria persona.

*Christopher F. Edley,* Assistant District Attorney, with him *Victor Wright,* Assistant District Attorney, and *Samuel Dash,* Acting District Attorney, for appellee.

OPINION BY ERVIN, J., July 21, 1955:

This is an appeal by the relator from the judgment of the Court of Common Pleas No. 2 of Philadelphia County dismissing his petition for writ of habeas corpus.

Relator was tried on December 16, 1946 in the Court of Quarter Sessions of Philadelphia County and was placed on probation for a period of five years after entering guilty pleas to bills of indictment (Nos. 623-625, December Sessions, 1946), charging him with burglary and receiving stolen goods. On July 17, 1950, while on probation, relator was convicted of aggravated assault and battery by the Court of Quarter Sessions of Philadelphia County (bill of indictment No. 864, June Sessions, 1950) and sentenced to the Pennsylvania Industrial School at Camp Hill for an indefinite period, sentence to be computed from July 6, 1950. Judge KUN, before whom relator had been tried on the charges of burglary and receiving stolen goods, thereupon revoked relator's probation and on July 28, 1950 committed him to the Pennsylvania Industrial School at Camp Hill for an indefinite period.

Relator was paroled from the Industrial School on February 13, 1952. He was subsequently declared a delinquent by the Board of Parole as of September 25, 1952 for absenting himself from supervision and was arrested in April, 1954 and returned to the Industrial School as a technical parole violator with a maximum term expiring February 25, 1972. On October 25, 1954 relator was transferred to the State Penitentiary at Graterford, Pennsylvania.

Relator contends the Pennsylvania Board of Parole has "transcended its jurisdiction" in extending his maximum sentence to twenty years because the probationary period on the burglary charge has expired and he has served the maximum term on the assault and battery charge.

As stated by the learned hearing judge: "Petitioner's entire case falls on his averment that probationary period has expired." On July 28, 1950, the trial judge on bills 623-625, December Sessions, 1946, issued a decree revoking relator's probation on the ground that he had been convicted on the charge of assault and battery while on probation, and at the same time sentenced relator to the Industrial School at Camp Hill for an indefinite period.[1]

Section 6 of the original Act of April 28, 1887, P.L. 63, 61 PS §485, provides for a general sentence

---

[1] The authority for imposing sentence upon revocation of probation is contained in the Act of May 10, 1909, P. L. 495, §4; 19 PS §1084, which provides that: "Whenever a person placed on probation, as aforesaid, shall violate the terms of his or her probation, he or she shall be subject to arrest in the same manner as in the case of an escaped convict; and shall be brought before the court which released him or her on probation, which court may thereupon pronounce upon such defendant such sentence as may be prescribed by law, to begin at such time as the court may direct."

of indefinite duration as follows: "Every sentence to the reformatory, of a person hereafter convicted of a felony or other crime, shall be a general sentence to imprisonment in the [reformatory] . . . , and the courts of this commonwealth imposing such sentence shall not fix or limit the duration thereof. The term of such imprisonment of any person so convicted and sentenced shall be terminated by the board of managers [later board of trustees, and still later board of parole] . . . , as authorized by this act; but such imprisonment shall not exceed the maximum term, provided by law, for the crime for which the prisoner was convicted and sentenced."[2]

Thus, the effect of the revocation of his probation and general sentence to the Pennsylvania Industrial School was to subject relator to confinement under the burglary conviction for the maximum term of twenty years prescribed by law, unless sooner released by action of the Board of Parole. *Com. ex rel. Williamson v. Burke*, 172 Pa. Superior Ct. 39, 92 A. 2d 239; *Com. ex rel. Clawges v. Claudy*, 173 Pa. Superior Ct. 410, 98 A. 2d 225.

Subsequent to his sentence to the Pennsylvania Industrial School on July 28, 1950, relator was paroled and later recommitted as a technical parole violator with a maximum term expiring February 24, 1972. Relator contends the Board of Parole has no jurisdiction to "extend" his sentence by seventeen years. This contention is based on the assumption already shown

---

[2] The Act of July 29, 1953, P. L. 1447, §1, further amending §§4 and 6 of the Act of April 28, 1887, P. L. 63, and limiting the duration of a general sentence to the Pennsylvania Industrial School to six years, does not apply retroactively to prisoners sentenced to the Industrial School prior to the effective date of the amendment. *Com ex rel. Lyons v. Day*, 177 Pa. Superior Ct. 392, 110 A. 2d 871.

to be erroneous, that his probationary period on the original burglary conviction had expired and that his present confinement is illegal in that he has already served the maximum sentence on the charge of assault and battery. The contention that the Board of Parole has exceeded its jurisdiction is without merit. Section 17 of the Act of August 6, 1941, P.L. 861, as amended, 61 PS §331.17, gives exclusive power and jurisdiction to the Pennsylvania Board of Parole of all matters of parole. And, in *Com. ex rel. Williamson v. Burke,* supra, it was stated at p. 42: ". . . the Pennsylvania Board of Parole has exclusive power to parole and reparole, commit and recommit for violations of parole. . . The power of the Parole Board to parole, commit and reparole relator as an inmate of the Pennsylvania Industrial School was exclusive, and no act or statement on the part of the authorities of that institution or of a trial judge could change or terminate his general sentence for burglary which automatically subjected him to confinement there for a term of twenty years, the maximum punishment which could be imposed for that crime (Act of June 24, 1939, P.L. 872, §901, 18 PS §4901)." In *Com. ex rel. Lyons v. Day,* 177 Pa. Superior Ct. 392, 110 A. 2d 871, where the relator who had originally been sentenced for burglary was paroled, later recommitted to the Pennsylvania Industrial School as a technical parole violator and subsequently transferred to the State Penitentiary at Graterford, this Court, speaking through President Judge RHODES, said at p. 394: "He would be required to remain in custody under his present sentence until January 19, 1966, the expiration of the twenty-year maximum term for burglary, unless sooner released by the Pennsylvania Board of Parole."

Relator is presently serving sentence under the burglary conviction and is properly subject to con-

finement for the maximum term not exceeding twenty years.

The judgment of the lower court dismissing the writ of habeas corpus is affirmed for the reasons stated herein.