## Commonwealth ex rel. Kehl v. Myers

460


*Robert E. Kehl,* for relator, p. p.

*Stephen Teller,* District Attorney, and *Eugene F. Duffy,* Assistant District Attorney, for Commonwealth.

PINOLA, J., October 5, 1960.—Robert E. Kehl has filed a petition for a writ of habeas corpus against the Superintendent of the State Correctional Institution at Graterford. The district attorney has filed an answer agreeing with the facts set forth in the petition and containing additional information.

Having pleaded guilty to charges of burglary and larceny, the relator was sentenced by the writer to the Pennsylvania Industrial School at Camp Hill on June 15, 1951, for an indefinite term with a maximum of 20 years.

On November 2, 1953, he was paroled, and in October 1954, he was returned for violation of the parole. He was reparoled on October 28, 1955. He was arrested May 15, 1956, in Columbia County for burglary and larceny. He escaped from the jail on August 11, 1956. He stole a car and was arrested in Illinois, where he was tried and found guilty of violation of the Dyer Act. Sentenced to serve six years in the Federal penitentiary at Lewisburg beginning October 7, 1956, he was paroled from the penitentiary on November 1, 1959, and turned over to the authorities of Columbia County. He was sentenced for the burglary on November 16, 1959, to a minimum term of 30 days and a maximum term of one year. He was turned over to the Parole Board on November 30, 1959, which directed that he be sent to the Eastern Penitentiary for a classification summary. On March 1, 1960, he was transferred to Graterford to serve the unexpired portion of his original sentence by the writer.

The petition contains no question of fact. It simply raises questions of law and, therefore, there is no need for a hearing; only oral argument to hear the relator's views on the legal issues involved: Commonwealth ex rel. Bishop v. Claudy, 373 Pa. 523; Commonwealth ex rel. Clawges v. Claudy, 173 Pa. Superior Ct. 410.

He contends that he is illegally confined because (1) there is no statutory authority for his transfer from the school to the State institution; and (2) that he cannot be confined in the penitentiary under a sentence which does not contain a minimum term as well as a maximum term. Because he is under 21 years of age, he contends that he cannot be returned to the Industrial School, and, therefore, if he is presently illegally confined, he must be discharged.

There is no merit to either of relator's contentions. He cites as authority for his first proposition the decision of Judge Groshens of Montgomery County in Com-

monwealth ex rel. Reed v. Maroney, Warden of the Western State Penitentiary, No. 154, February term, 1960. While the judge does hold that there is no statutory authority for the transfer of an inmate of the Industrial School to a penitentiary, he only considered the statutes dealing with transfers from one institution to another. His attention was not directed to the powers of the Parole Board nor to the decisions of the Superior Court which in our opinion govern.

The plenary powers of the Parole Board are set forth in section 17 of the Act of August 6, 1941, P. L. 861, as amended, 61 PS §331.17. The act declares:

"The board shall have exclusive power to parole and reparole, commit and recommit for violations of parole, and to discharge from parole all persons heretofore or hereafter sentenced by any court in this Commonwealth to imprisonment in any prison or penal institution thereof, whether the same be a state or county penitentiary, prison or penal institution . . ."

A complete answer to the relator's contention is given by Judge Wright in Commonwealth ex rel. Tancemore v. Myers, 189 Pa. Superior Ct. 270. Referring to the foregoing section, he declares (page 274):

"This statute appiles to persons sentenced to the Pennsylvania Industrial School at Camp Hill: Commonwealth ex rel. Williamson v. Burke, 172 Pa. Superior Ct. 39, 92 A. 2d 239. As we pointed out in Commonwealth ex rel. Clawges v. Claudy, 173 Pa. Superior Ct. 410, 98 A. 2d 225, it was entirely proper to transfer appellant from the Pennsylvania Industrial School to the State Penitentiary, and to require him to serve the balance of his term in the latter institution. See also Commonwealth ex rel. White v. Day, 178 Pa. Superior Ct. 491, 116 A. 2d 288."

The fact that the board saw fit to make use of the facilities of the Diagnostic and Classification Center does not in any way detract from its powers.

The second contention is also devoid of merit. The relator complains that because he is serving under a general sentence and not one containing a minimum as well as a maximum, he cannot be confined in a State Penitentiary. The answer to this contention was also given by Judge Wright in Commonwealth ex rel. Clawges v. Claudy, supra, at page 416, where he said:

"While relator's sentence does not have a fixed minimum, he cannot be heard to complain of this fact, since it inures to his benefit. The powers of the Board of Managers, later Board of Trustees, of the school were transferred to the Pennsylvania Board of Parole by virtue of the Act of 1941, as amended: Com. ex rel. Brough v. Burke, supra. Under these powers the relator was subject to parole at any time."

We, therefore, conclude that the relator is not entitled to the relief prayed for, and, accordingly, enter the following

### Order

Now, October 5, 1960, at 2 p.m., the prayer of the petition for a writ of habeas corpus is denied.