Commonwealth of Pennsylvania ex rel. James R. Johnston, Plaintiff, *v.* The Pennsylvania Board of Probation and Parole, Defendant.

Argued May 7, 1975, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Simon B. John,* with him *Thomas P. Ruane, Jr.,* for plaintiff.

*James C. Barnes, Jr.,* Deputy Attorney General, with him *Robert A. Greevy,* Assistant Attorney General, *J. Andrew Smyser,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendant.

OPINION BY PRESIDENT JUDGE BOWMAN, June 27, 1975:

Plaintiff, Johnston, has filed a complaint in mandamus within our original jurisdiction to which the defendant, Pennsylvania Board of Probation and Parole, (Board), has filed preliminary objections. For the reasons hereafter stated, the Board's preliminary objections are sustained and plaintiff's complaint is dismissed.

For the limited purpose of considering defendant's preliminary objections in the nature of a demurrer, we must accept as true all well-pleaded averments in plaintiff's complaint. *Bruhin v. Commonwealth,* 14 Pa. Commonwealth Ct. 300, 320 A.2d 907 (1974). The facts are not in dispute, however, and we are solely concerned with a legal issue.

Plaintiff was arrested in October of 1968 and imprisoned on various charges, including burglary and lar-

ceny, to which he pleaded guilty before Judge FEIGUS of the Court of Common Pleas of Fayette County. On February 25, 1969, plaintiff, who was eighteen years of age, was sentenced as a youthful offender by Judge FEIGUS, on the aforementioned changes, to the State Correctional Institution at Camp Hill for a maximum period of four (4) years to be computed from October 8, 1968. After serving a portion of that sentence, plaintiff was released on parole, but on September 25, 1973, he was again arrested for burglary. He was sentenced on the burglary charge on January 31, 1974, to a term of imprisonment of two (2) to five (5) years.

The Board, on February 13, 1974, notified plaintiff that pursuant to section 13 of the Act of April 28, 1887, P. L. 63, *as amended,* 61 P.S. §486 (Act), the date of termination of the original sentence imposed upon him on February 25, 1969, was extended from October 14, 1972 to October 14, 1974,[1] thereby extending that sentence to six (6) years from the four year maximum ordered by Judge FEIGUS. Because of the extension of his sentence by the Board, plaintiff is ineligible for parole on his most recent conviction. Hence this action is not moot.

Plaintiff alleges that the Board, in changing his maximum sentence pursuant to the Act, violates the equal protection clause of the 14th Amendment of the United States Constitution. The Act provides in section 4, 61 P.S. §483, that a court *may* sentence an individual to Camp Hill if he is between the ages of fifteen and twenty-one, but, pursuant to section 5 of the Act, 61 P.S. §484, if the court elects to do so, the sentence imposed must be in conformity with the Act. The Act further provides in sections 6 and 13, 61 P.S. §§485, 486, that the court shall *not* impose a maximum sentence—the maximum being established by the Act at six years or the maximum pro-

---

1. The six day discrepancy in the expiration date of the maximum sentence, whether for four or six years, in not in issue.

vided by law for the crime, whichever is less. It further provides that in the event a maximum is imposed the sentence shall not be void but shall be modified to conform with the Act. Such a procedure, contends plaintiff, after a judge has erroneously imposed a maximum sentence—in this case four years—violates the equal protection clause.

The constitutionality of the Act was sustained against an equal protection attack in *Commonwealth ex rel. Clawges v. Claudy*, 173 Pa. Superior Ct. 410, 98 A.2d 225 (1953), however, plaintiff seeks to distinquish the instant case from *Claudy* on the basis that in *Claudy*, the prisoner received a general sentence in conformity with the Act, whereas in this case, plaintiff received a fixed maximum not in conformity with the Act. We find this argument to be unpersuasive. The Superior Court in *Claudy* stated with regard to the equal protection argument:

"The power to establish appropriate penalties for the commission of crime is a function of the Legislature and, so long as all persons subjected to such legislation shall be treated alike, there is no constitutional violation . . . ." (Citations omitted.) 173 Pa. Superior Ct. at 414, 415, 98 A.2d at 227.

Contrary to plaintiff's argument that he is being treated differently because the Board changed his maximum sentence in conformity with the provisions of the Act, it is apparent that this statutory scheme establishes uniformity as to youthful offenders sentenced to Camp Hill. The sentencing judge is given the discretion to decide whether to commit a youthful offender to Camp Hill, but once he makes the decision to do so, the maximum sentence is mandated by the Act. Consequently, all persons committed to Camp Hill are treated equally insofar as the criteria to determine their sentence is employed. This is the essence of equal protection. A want of uniformity would follow if the statutory scheme were not to be adhered to.

Plaintiff also contends that the Board "usurped" the discretionary judicial power and in doing so violated his equal protection rights. In electing to treat plaintiff as a youthful offender to be sentenced to Camp Hill, the sentencing judge exercised the only discretion he possessed. The Legislature then mandated the maximum sentence and the Board simply complied with the legislative mandate. Plaintiff has cited no authority and we are aware of none that the judiciary has any inherent power or authority in the matter of sentencing criminal offenders, to impose sentences outside the parameters of the relevant statutory law, or that to deny such power or authority in the judiciary is violative of one's equal protection rights. *Cf. Commonwealth v. Butler,* 458 Pa. 289, 328 A.2d 851 (1974).

ORDER

Now, June 27, 1975, defendant's preliminary objections are hereby sustained and plaintiff's complaint is dismissed.